**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CITY OF SOUTH MIAMI, ET AL.,

                Plaintiffs,                             Civil Action File No.

v.

RON DESANTIS, ET AL.,                          1:19-cv-22927
                Defendants.

**PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY INJUNCTION AND**
**<u>REQUEST FOR HEARING</u>**

Pursuant to Federal Rule of Civil Procedure 65(a) and this Court's Order entered on August 29, 2019 (DE 46), Plaintiffs hereby amend their Motion for Preliminary Injunction and Request for Hearing (DE 5) that seeks to enjoin Defendants from enforcing Chapter 908 of Florida Statutes ("SB 168"). Plaintiffs previously filed a Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction (DE 5-1) and a Reply to Defendants' Opposition to Motion for Preliminary Injunction (DE 39) that support this Amended Motion, hereby request a hearing, and state the following:

1.      On May 2, 2019, the Florida Legislature passed the anti-immigrant and unconstitutional SB 168. *See* Exhibit 1to Complaint (Enacted Version of SB 168).

2.      SB 168 impermissibly authorizes and requires state and local law enforcement to perform the functions of federal immigration agents, including the arrest and transportation of individuals suspected of civil immigration violations.

3.      As a state law, SB 168 cannot unilaterally confer authority to carry out the functions of federal immigration agents.

4.      SB 168 encroaches on areas of exclusive federal authority and will interfere and conflict with the comprehensive federal immigration system enacted by Congress, in violation of the Supremacy Clause of the U.S. Constitution.

5.      In addition to being preempted by federal law, SB 168 is unconstitutionally void for vagueness.

6.      Under SB 168, law enforcement agencies are required to "use best efforts to support the enforcement of federal immigration law." *See* § 908.104(1).

7.      State and local government entities cannot "prohibit[] or impede[] a law enforcement agency from complying with 8 U.S.C. § 1373." nor may they prohibit or impede a wide range of communication or cooperation with a federal immigration agency. *See* § 908.102(6).

8.      The terms "best efforts" and "impede" lack a standard for compliance and cannot be understood by people of "ordinary intelligence." *United States v. Williams*, 553 U.S. 285, 304 (2008).

9.      Plaintiffs respectfully request this Court enjoin (a) Sections 908.105(1), 908.104(4), and 908.106 because these sections are preempted by federal law in violation of the Supremacy Clause of Article VI, Section 2, of the U.S. Constitution; (b) Section 908.104(1), 908.102(6), and 908.103 because they violate the Fourteenth Amendment to the U.S. Constitution; and (c) SB 168 in its entirety because its provisions are not severable.

10.      A preliminary injunction is warranted if the moving party establishes the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be

adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

11.     Plaintiffs seek file this Amended Motion seeking a preliminary injunction on behalf of all the Plaintiffs of record, including the newly added Plaintiff Mayor Philip K. Stoddard. *See* Amended Complaint for Injunctive Relief and Declaratory Judgment (DE 40).

12.     As detailed in Plaintiffs' previously filed a Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction (DE 5-1) and a Reply to Defendants' Opposition to Motion for Preliminary Injunction (DE 39), Plaintiffs meet the standard for a preliminary injunction.

13.     Undersigned counsel requests that the Court set this motion for a hearing as soon as possible in light of the imminent harm plaintiffs face.

WHEREFORE, for the reasons set forth herein and in the previously filed Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction (DE 5-1) and  Reply to Defendants' Opposition to Motion for Preliminary Injunction (DE 39), Plaintiffs respectfully request this Court enjoin Florida Statutes Sections 908.105(1), 908.104(4), 908.106, 908.104(1), 908.102(6), and 908.103, as well as SB 168 in its entirety.

Respectfully submitted this 30th day of August 2019

**By: /s/ Anne Janet Hernandez Anderson**

Anne Janet Hernandez Anderson
Florida Bar No. 18092
Email: aj.hernandez@splcenter.org
Paul R. Chavez*
E-mail: paul.chavez@splcenter.org
Mich Gonzalez*
E-mail: mich.gonzalez@splcenter.org
Victoria Mesa-Estrada
Florida Bar No. 076569

Case No. 1:19-cv-22927-BLOOM/Louis

Email: victoria.mesa@splcenter.org
SOUTHERN POVERY LAW CENTER
4770 Biscayne Blvd, Suite 760
Miami, FL 33137
Tel.: (786) 347-2056

Alana Greer
Florida Bar No. 92423
Email: alana@communityjusticeproject.com
Oscar Londoño
Florida Bar No. 1003044
E-mail: oscar@communityjusticeproject.com
COMMUNITY JUSTICE PROJECT, INC.
3000 Biscayne Blvd. Suite 106
Miami, Florida 33145
Tel.: (305) 907-7697 ext. 1

Rebecca Sharpless
Florida Bar No. 0131024
E-mail: rsharpless@law.miami.edu
IMMIGRATION CLINIC
UNIVERSITY OF MIAMI SCHOOL OF LAW
1311 Miller Drive, E273
Coral Gables, FL 33146
Tel.: (305) 284-6092
Fax: (305) 284-6093

*  Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Initial Disclosures was

served via email on August 30, 2019, on counsel for Defendants, James Percival, at

James.Percival@myfloridalegal.com.  Service via e-mail is permitted under S.D. Fla. Local

Rule 5.1(e).

Dated: August 30, 2019

By: /s/ Anne Janet Hernandez Anderson

Anne Janet Hernandez Anderson (Fla. Bar No. 0018092)
SOUTHERN POVERTY LAW CENTER