# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| CITY OF SOUTH MIAMI, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:19-cv-22927-BB |
| RON DESANTIS, in his official capacity as governor of the State of Florida, *et al.* | ) ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

---

## BRIEF OF LAW PROFESSORS AND NATIONAL IMMIGRANT JUSTICE CENTER AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS

Mark Fleming
Katherine Melloy Goettel
National Immigrant Justice Center
208 South LaSalle Street, Ste. 1300
Chicago, IL 60604
(312) 660-1370

Christopher N. Lasch
Associate Professor of Law
University of Denver
Sturm College of Law
2255 East Evans Avenue
Denver, CO 80208
(303) 871-6368

Michael S. Vastine*
Professor of Law
Director, Immigration Clinic
St. Thomas University School of Law
16401 NW 37th Avenue
Miami Gardens, FL 33054
(305) 623-2340

*Counsel of record for *Amici Curiae*

September 17, 2019

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. ii

TABLE OF AUTHORITIES............................................................................iii

INTEREST OF THE *AMICI CURIAE* ...................................................... 1

ARGUMENT ............................................................................................... 3

I. THE "SYSTEM CONGRESS CREATED" PREEMPTS NON-FEDERAL OFFICIALS FROM MAKING CIVIL IMMIGRATION ARRESTS AND DETENTION EXCEPT IN NARROW, DEFINED CIRCUMSTANCES. .............................................. 5

II. "DETAINER," AS USED IN THE INA, REFERENCES A REQUEST FOR NOTIFICATION OF A PERSON'S RELEASE, NOT CONTINUED DETENTION AND THUS CANNOT BE UTILIZED TO PERMIT ARRESTS BY NON-FEDERAL OFFICERS. ............................................................................ 12

    A. At the time Congress enacted Section 287(d), the INS used "detainers" as requests for notice of a person's upcoming release, not a request or authorization for continued detention by non-federal officials. ............................................ 13

    B. The Supreme Court has properly understood "detainer" as enacted in Section 287(d) as a request for notice of a detainee's upcoming release, not an authorization (or even a request) for continued detention.......................................... 16

III. THE SPECIFIC ROLE OF I-200 AND I-205 ADMINISTRATIVE WARRANTS IN THE "SYSTEM CONGRESS CREATED" FOR IMMIGRATION ENFORCEMENT AND REMOVAL............................ 18

CONCLUSION............................................................................................ 22

CERTIFICATE OF SERVICE.................................................................... 23

APPENDIX A - LIST OF THE SCHOLAR *AMICI CURIAE* ........................ Apx-1

APPENDIX B - DHS DETAINER FORMS................................................. Apx-6

# TABLE OF AUTHORITIES

**Cases**

*Arizona v. United States,* 567 U.S. 387 (2012) ................................................. *passim*

*Buquer v. City of Indianapolis*, No. 1:11–cv–00708, 2013 WL
    1332158 (S.D. Ind. 2013) .............................................................................. 6

*C.F.C. v. Miami-Dade County,* 349 F. Supp. 3d 1236 (S.D. Fla. 2018) ........... 10, 18

*Campillo v. Sullivan,* 853 F.2d 593 (8th Cir. 1988) ...................................... 14

*City of El Cenizo v. Texas*, 890 F.3d 164, 185-90 (5th Cir. 2018)........................ 12

*Creedle v. Miami-Dade County*, 349 F. Supp. 3d 1276 (S.D. Fla. 2018)......5, 10, 17

*Chung Young Chew v. Boyd*, 309 F.2d 857 (9th Cir. 1962) ................................ 15

*Davila v. N. Reg'l Joint Police Bd.*, 370 F. Supp. 3d 498 (W.D. Pa.
    Feb. 27, 2019)................................................................................10, 11

*Edward J. DeBartolo Corp. v. N.L.R.B.,* 463 U.S. 147 (1983)............................. 9

*El Badrawi v. DHS*, 579 F. Supp. 2d 249 (D. Conn. 2008).................................. 19

*Galarza v. Szalczyk,* 745 F.3d 634 (3d Cir. 2014)............................................. 17

*Garcia v. Taylor*, 40 F.3d 299 (9th Cir. 1994) ................................................. 14

*Hibbs v. Winn,* 542 U.S. 88 (2004) ................................................................. 11

*Lopez-Aguilar v. Marion County Sheriff's Dep't*, 296 F. Supp. 3d 959
    (S.D. Ind. 2017), *rev'd on other grounds,* 924 F.3d 375 (7th Cir.
    2019) .........................................................................................10, 11, 17

*Lunn v. Commonwealth*, 78 N.E.3d 1143 (Mass. 2017) ................................5, 9, 16

*Matter of Lehder*, 15 I. & N. Dec. 159 (BIA 1975)............................................. 14

*Morales v. Chadbourne,* 793 F.3d 208 (1st Cir. 2015) ...................................... 5

*Moreno v. Napolitano,* 213 F. Supp. 3d 999 (N.D. Ill. 2016).....................6, 15, 16

*People ex rel. Wells v. DeMarco*, 168 A.D.3d 31 (N.Y. App. Div.
    2018) .......................................................................................................... 5

*Prieto v. Gulch,* 913 F.2d 1159 (6th Cir. 1990) ............................................... 14

*Sanchez Ochoa v. Campbell*, 266 F. Supp. 3d 1237 (E.D. Wash. 2017) ................. 9

*Slavik v. Miller*, 89 F. Supp. 575 (W.D. Pa. 1950)........................................ 13, 15

*Vargas v. Swan*, 854 F.2d 1028 (7th Cir. 1988)............................................. 13, 14

*Villars v. Kubiatowski*, 45 F. Supp. 3d 791 (N.D. Ill. 2014) ............................... 17

**Statutes**

8 U.S.C. § 1103(a) ................................................................ 7, 8, 9

8 U.S.C. § 1252c ................................................................... 7, 8, 9

8 U.S.C. § 1357(a) ................................................................. 6, 15

8 U.S.C. § 1357(d) [INA Section 287(d)] .............................. *passim*

8 U.S.C. § 1357(g) [INA Section 287(g)] .............................. *passim*

**Regulations**

8 C.F.R. § 236.1 ....................................................................6, 7, 18

8 C.F.R. § 241.2 ....................................................................6, 7, 18

8 C.F.R. § 287.5 ....................................................................6, 7, 19

8 C.F.R. § 287.7 .................................................................... 17

28 C.F.R. § 65.84 ................................................................. 8

**Other Authorities**

82 C.J.S. Statutes § 502 .......................................................... 9

82 C.J.S. Statutes § 504 .......................................................... 9

Br. for the United States, *Arizona v. United States*, 567 U.S. 387
(2012), 2012    WL 939048 ............................................... 17

DHS, Form I-200 (Sep. 2016), *available
at* https://www.ice.gov/sites/default/files/documents/Document/
2017/I-200_SAMPLE.PDF (last visited May 26, 2019) ..................... *passim*

DHS, Form I-205 (Aug. 2007), *available at*
https://www.ice.gov/sites/default/files/documents/Document/20
17/I-205_SAMPLE.PDF (last visited May 26, 2019) ........................7, 18, 21

DHS, Form I-247 (Mar. 1983)........................................12, 13, 14, 19

DHS, Form I-247A (Mar. 2017)........................................... 19

DHS, "Guidance on State and Local Governments' Assistance in
Immigration Enforcement and related Matters," at 13-
15, *available
at* https://www.dhs.gov/sites/default/files/publications/guidance
-state-local-assistance-immigration-enforcement.pdf (last
visited May 26, 2019)........................................................ 10

ICE Policy No. 10074.2 (Mar. 24, 2017, eff. Apr. 2, 2017) ................... 6

Memorandum, Jeh Johnson, DHS Secretary, "Secure Communities" (Nov. 20, 2014), https://www.dhs.gov/sites/default/files/-publications/14_1120_memo_secure_communities.pdf ............................ 12

Bob Ortega, *ICE supervisors sometimes skip required review of detention warrants, emails show,* CNN (Mar. 13, 2019), https://www.cnn.com/-2019/03/13/-us/ice-supervisors-dont-always-review-deportation-warrants-invs/index.html ........................... 19-20

## INTEREST OF THE *AMICI CURIAE*

*Amici curiae* are academics who teach, research, write, and practice in the areas of immigration, criminal, and constitutional law, and the National Immigrant Justice Center, which advocates, litigates, and practices in the area of immigration law.[1] *Amici* include counsel[2] with extensive experience litigating issues arising under the Immigration and Nationality Act (INA), including issues arising from the INA's intersection with state and local law. *Amici* explain under what circumstances and by whom Congress has authorized the arrest and detention of individuals for alleged civil immigration violations. *Amici* explain how 287(g) agreements, immigration detainers, and administrative warrants fit into this civil immigration enforcement system. Deviations from the "system that Congress created" for arrest and detention are preempted. *Arizona v. United States*, 567 U.S. 387, 408-10 (2012). The INA predominantly requires civil immigration arrests to be conducted by trained, federal immigration officers—authorizing non-federal officers to make civil arrests only in three discrete circumstances. Drawing on the structure of the INA and the extremely limited role it permits to non-federal officers to conduct civil immigration arrests and detention, *amici* believe

---

[1] *Amici curiae* certify that no party or counsel for a party authored any portion of this brief or made a monetary contribution intended to fund its preparation or submission. *See* Fed. R. App. P. 29(c)(5). No person other than *amici curiae*, their members, or their counsel have made such a monetary contribution. *Id*.

[2] A full list of the scholar amici is set forth in Appendix A.

significant provisions of Florida Senate Bill 168 (S.B. 168) are preempted. *Amici*'s

conclusions are guided by their knowledge of historical practices, judicial

decisions, and an analysis of the immigration enforcement system Congress

created and its history. The Court's correct resolution of the issues presented here is

of great importance to *amici*.

# ARGUMENT

Florida's S.B. 168 includes numerous provisions that either explicitly or implicitly authorize all Florida law enforcement agencies and officials to arrest and detain individuals for civil immigration violations. In particular, Section 908.105(1) mandates arrest for civil immigration arrests based on immigration detainer requests. And, Sections 901.102(6) and 901.103 prohibit any state or local policies that limit compliance with immigration detainer requests. These provisions, and any others that authorize arrest, detention, or transport[3] (a form of arrest and detention) after state criminal authority expires and absent authority under a 287(g) agreement, are federally preempted under the Immigration and Nationality Act (INA). Section 287(g)(10)(b) [codified at 8 U.S.C. 1357(g)(10)(B)] is simply a proviso clarifying that other forms of cooperation by state and local law enforcement that do not include the actual arrest and detention of an individual do not require authorization under a 287(g) agreement. To conclude otherwise would render 8 U.S.C. §§ 1357(g)(1)-(9) and the need for 287(g) agreements superfluous.

The INA establishes a comprehensive statutory scheme for immigration enforcement. Congress carefully delineated arrest authority for civil immigration

---

[3] Section 908.104(4) seems to include authority to law enforcement agencies to transport an individual to federal immigration authorities after state criminal authority has expired.

3

violations, strictly limiting the authority of federal immigration officials and preempting authority to state and local ("non-federal") officials, except in specifically enumerated circumstances. Section I, *infra*.

ICE's practice of requesting detention based on immigration detainers is a relatively new phenomenon, which finds no authority in the Immigration and Nationality Act (INA). The sole reference to detainers in the INA, § 287(d) ("Section 287(d)"), codified at 8 U.S.C. § 1357(d), confers no arrest or detention authority. Instead, Congress used the word "detainer" in Section 287(d), enacted in 1986, to reflect a decades-old detainer practice that respected the limited authority of state and local officials over immigration matters—a "detainer" was simply a request for state and local officials to notify immigration officials of the subject's upcoming release. Section II, *infra.*

ICE's recent policy change, now accompanying detainer requests with an administrative warrant, does not change the lack of arrest and detention authority for non-federal officials, absent a 287(g) agreement *and* concurrent state-law authority.  Under the INA only trained immigration officers are authorized to make an arrest and detain based on an administrative immigration warrant pending removal proceedings. Section III, *infra.*

**I. THE "SYSTEM CONGRESS CREATED" PREEMPTS NON-FEDERAL OFFICIALS FROM MAKING CIVIL IMMIGRATION ARRESTS AND DETENTION EXCEPT IN NARROW, DEFINED CIRCUMSTANCES.**

The continued detention by non-federal officials of an individual based on an immigration detainer, after the grounds supporting an initial criminal arrest have evaporated, is a new arrest. *Morales v. Chadbourne*, 793 F.3d 208, 217 (1st Cir. 2015); *Creedle v. Miami-Dade County*, 349 F. Supp. 3d 1276, 1290 (S.D. Fla. 2018) (describing Defendants' honoring of immigration detainers as re-arrests); *Lunn v. Commonwealth*, 78 N.E.3d 1143, 1153 (Mass. 2017) (finding detention based on an immigration detainer constitutes an arrest under state law); *People ex rel. Wells v. DeMarco*, 168 A.D.3d 31, 39 (N.Y. App. Div. 2018) (same); *see Alcocer v. Mills,* 906 F.3d 944, 954 (11th Cir. 2018) (finding the continued detention of plaintiff based on an alleged immigration hold was a new arrest).

ICE regularly requests, through immigration detainers, such civil arrests despite that the INA does not permit such generalized arrest authority by non-federal officers. The Immigration and Nationality Act, the comprehensive statutory "system Congress created" for immigration arrest and detention, shows that Congress carefully limited the arrest and detention authority of federal officials and even more narrowly restricted the circumstances when non-federal civil immigration arrests and detention are not preempted.

The Supreme Court examined the "system Congress created" in *Arizona v. United States,* 567 U.S. 387 (2012). The INA authorizes federal immigration officials to make a civil immigration arrest in the interior either: (1) pursuant to an administrative arrest warrant, or (2) when the person is "likely to escape before a warrant can be obtained" and there is "reason to believe" the person has violated federal immigration laws. *Arizona*, 567 U.S. at 407-08 (describing the "federal statutory structure" for "when it is appropriate to arrest an alien during the removal process"); *Moreno v. Napolitano,* 213 F. Supp. 3d 999, 1009 (N.D. Ill. 2016) (holding ICE detainer requests regularly violate immigration officers' statutory warrantless authority).[4] The Supreme Court emphasized that the system Congress created requires civil immigration arrests be made by trained immigration officers.

---

[4] Section 908.5(1) is preempted for the additional reason that it authorizes warrantless arrests for which not even ICE officers are authorized under the INA. Subsequent to *Moreno*, ICE enacted a policy requiring officers to issue an administrative warrant to accompany each detainer. ICE Policy No. 10074.2, ¶ 2.4 (Mar. 24, 2017, eff. Apr. 2, 2017). However, as the Supreme Court has noted, these administrative warrants must be executed by "federal officers who have received training in the enforcement of immigration law." *Arizona,* 567 U.S. at 408 (citing 8 C.F.R. §§ 241.2(b) and 287.5(e)(3)); *see also* 8 C.F.R. §§ 236.1(b)(1) and 241.2(b) (requiring warrants to be served by federal immigration officers). Because detainers request that *non-federal* officers— not authorized to execute administrative warrants—make civil immigration arrests, detainers continue to be requests for warrantless arrests. Under the INA, warrantless arrests can only be made when the subject is "likely to escape," *Arizona,* 567 U.S. at 408 (citing 8 U.S.C. § 1357(a)(2)), and since no attempt is made to comply with this requirement, the detainer requests, which Section 908.5(1) mandates Florida law enforcement comply with, continue to request non-federal officers to make arrests unauthorized by the INA. *See Moreno*, 213 F. Supp. 3d at 1009 (holding ICE's detainer requests exceeded warrantless arrest authority under § 1357(a)(2)); *Buquer v. City of Indianapolis*, 2013 WL 1332158, at *8 (S.D. Ind. 2013) (in accordance with *Arizona*, finding "absolutely no indication that Congress intended state and local law enforcement officers to retain greater authority to effectuate a warrantless arrest than do trained federal immigration officials").

*Arizona*, 567 U.S. at 407-08; *see also* 8 C.F.R. § 287.5(c)(1) (requiring training for warrantless arrest authority); § 287.5(e)(3) (requiring training to execute warrants); § 241.2(b) (same); § 287.1(g) (defining the required training); Form I-200 (Sep. 2016), https://www.ice.gov/sites/default/files/documents/Document/2017/I-200_SAMPLE.PDF (administrative arrest warrant directed to "immigration officer[s] authorized pursuant to [INA and regulations] to serve warrants"); Form I-205 (Aug. 2007), https://www.ice.gov/sites/default/files/documents/-Document/2017/I-205_SAMPLE.PDF (administrative warrant with similar direction); 8 C.F.R. § 236.1(b)(1) (only designated, train immigration officers "may arrest[] and take[] into custody" under the authority of an I-200 immigration administrative warrant but only after service on the arrestee of a Notice to Appear for removal proceedings).

The circumstances when non-federal officials are not preempted from making civil immigration arrests and detention are even more strictly limited. *Arizona,* 567 U.S. at 408-09. Congress has permitted three "limited circumstances in which state officers may perform the [civil arrest and detention] functions of an immigration officer." *Id.* at 409 (citing 8 U.S.C. § 1357(g)(1); § 1103(a)(10); § 1252c). Of the three circumstances, only an agreement under 8 U.S.C. § 1357(g)(1) ("Section 287(g)"), subject to the state-law authority, would permit non-federal

officials general authority for civil immigration arrests and detention.[5] Section

287(g) permits cooperative agreements whereby non-federal officials "determined

by the [DHS Secretary] to be qualified" are authorized "to perform [the] function

of an immigration officer" as to the "investigation, apprehension, or detention of

aliens in the United States." 8 U.S.C. § 1357(g)(1). Section 287(g) requires these

non-federal officials to "receive[] adequate training regarding the enforcement of

relevant Federal immigration laws" and be "subject to the direction and

supervision of the [DHS Secretary]." 8 U.S.C. §1357(g)(2)-(3), (5); *Arizona*, 567

U.S. at 409.[6] Sections 908.5(1), as well as Sections 901.102(6) and 901.103,

authorize *any* Florida law enforcement officer to make civil immigration arrests,

irrespective of whether the officer has been properly trained and certified under a

287(g) agreement. S.B. 168 thus exceeds the authority permitted to state and local

law enforcement under the INA.

Non-federal civil immigration arrests pursuant to detainers cannot be

justified as "cooperation" under Section 287(g)(10)(B). 8 U.S.C.

§ 1357(g)(10)(B). In each instance where Congress permits non-federal

---

[5] The other two instances in which Congress has permitted non-federal officers to make civil immigration arrest are in the context of a declared "mass influx" of immigrants along the coast or border of the United States [8 U.S.C. § 1103(a)(10)] and in the limited context of previously deported felons [8 U.S.C. § 1252c].

[6] For non-federal officers to exercise the functions of immigration officers under the "mass influx" provision, 8 U.S.C. § 1103(a)(10), similarly requires a detailed written agreement regarding the scope of authorized immigration enforcement functions, requisite training, and the limited duration of the authority. 28 C.F.R. § 65.84.

enforcement of civil immigration laws, Congress expressly used the word "authorize" in relation to delegated arrest authority. 8 U.S.C. §§ 1357(g)(1), (5); § 1103(a)(10); § 1252c(a); *Lunn*, 78 N.E.3d at 1159 (observing that "[i]n those limited instances where the [INA] affirmatively grants authority to [non-federal] officers to arrest, it does so in more explicit terms than those in [8 U.S.C.] § 1357(g)(10)."); *Sanchez Ochoa v. Campbell*, 266 F. Supp. 3d 1237, 1254-55 (E.D. Wash. 2017); *see Arizona*, 567 U.S. at 410 (describing responding to detainers *by providing notification of release rather than detention*, *see* Sections II.A and II.B, *infra*, as an example of non-federal "cooperat[ion]" permitted by the 8 U.S.C. § 1357(g)(10)(B)).

Section 287(g)(10), on the other hand, was not an expansion of authority but instead a proviso[7] to the grant of authority under Sections 287(g)(1) through (9), clarifying that a 287(g) agreement is not necessary in order for non-federal officials to participate in immigration enforcement in ways they had previously been permitted, *i.e.*, that do not involve the actual "function of an immigration officer in relation to the investigation, apprehension, and detention." 8 U.S.C. § 1357(g)(1);

---

[7] A proviso is "a clause engrafted on a preceding enactment in order to restrain or modify the enacting clause or to except something from the operation of the statute which otherwise would have been within it." 82 C.J.S. Statutes § 502. A proviso acts "to restrain or modify the enacting clause, and not to enlarge it, or to confer a power." *Id.* § 504. Section 287(g)(10)'s role as a proviso is made clear by its opening language: "Nothing in this subsection shall be construed . . . ." *See, e.g., Edward J. DeBartolo Corp. v. N.L.R.B.,* 463 U.S. 147, 149 n.2 (1983) (involving proviso stating "nothing contained in such paragraph shall be construed ….").

*see Creedle*, 349 F. Supp. 3d at 1301-04; *C.F.C. v. Miami-Dade County,* 349 F. Supp. 3d 1236, 1256-57 (S.D. Fla. 2018); *Lopez-Aguilar v. Marion County Sheriff's Dep't*, 296 F. Supp. 3d 959, 973-75 (S.D. Ind. 2017), *rev'd on other grounds,* 924 F.3d 375 (7th Cir. 2019); *Davila v. N. Reg'l Joint Police Bd.*, 370 F. Supp. 3d 498, 551-52 (W.D. Pa. 2019). Indeed, DHS's own written guidance on Section 287(g)(10)(B), submitted in *Arizona,* 567 U.S. at 410, demonstrates that arrests and detention based on immigration detainers, administrative warrants, or any other action that is the function of an immigration officer should not be understood as "cooperation . . . in the identification, apprehension, detention, or removal of aliens" contemplated by Section 287(g)(10)(B). DHS, "Guidance on State and Local Governments' Assistance in Immigration Enforcement and Related Matters" at 13-15, https://www.dhs.gov/sites/default/files/publications/guidance-state-local-assistance-immigration-enforcement.pdf.

An expansive interpretation of Section 287(g)(10)(B) would effectively make Section 287(g)'s requirements of an agreement, training, direction and supervision in order to exercise the "function of an immigration officer" meaningless. *See Creedle*, 349 F. Supp. 3d at 1304 ("[I]f 'otherwise cooperate' under Section 1357(g)(10), a catch-all provision, were read to allow local law enforcement to arrest individuals for civil immigration violations at the request of ICE, the training, supervision and certification pursuant to a formal agreement

between DHS and state officers described in the remaining provisions of Section 1357(g) would be rendered meaningless."); *Lopez-Aguilar*, 296 F. Supp. 3d at 975 (concluding "the full extent of federal permission for state-federal cooperation in immigration enforcement under the INA does not permit a state to comply with . . . ICE detainers" and rejecting "that 8 U.S.C. § 1357(g)(10)(B) authorizes free-floating state-local cooperation by a 'separate grant' of authority to the states without tending to nullify the requirement of federal 'training, certification, and supervision' otherwise established by Section 1357(g)"); *Davila*, 370 F. Supp. 3d at 551 ("The Court now joins other courts in concluding that § 1357(g)(10)(B) would not permit a local law enforcement to arrest an individual based solely on an ICE detainer, even if done so at the direction of an ICE agent."); *see also Hibbs v. Winn,* 542 U.S. 88, 101 (2004) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . .'").

Cooperating with immigration enforcement under Section 287(g)(10) simply cannot be interpreted as providing the authority of exercising the actual functions of an immigration officer contemplated under Section 287(g)(1). Accordingly,

Section 908.5(1) and any other provision which explicitly or implicitly authorizes civil immigration arrests and detention, are preempted by federal law.[8]

## II. "DETAINER," AS USED IN THE INA, REFERENCES A REQUEST FOR NOTIFICATION OF A PERSON'S RELEASE, NOT CONTINUED DETENTION, AND THUS CANNOT BE UTILIZED TO PERMIT ARRESTS BY NON-FEDERAL OFFICERS.

In April 1997, ICE's predecessor, the Immigration and Naturalization Service (INS), for the first time started to request detention based on immigration detainers. *Compare* Apx-7 (I-247 detainer form used starting in Mar. 1983) *with* Apx-8 through Apx-23 (successive I-247 detainer forms used starting in April 1997 to the present).[9] This transformation of the detainer into a document for arrest has no authority in the INA. The word "detainer" appears once in the INA. In 1986, Congress enacted Section 287(d), which specifies that following a controlled substances arrest, the arresting agency may request immigration officials "to determine promptly whether or not to issue a detainer to detain the alien . . . ."

---

[8] Notably, in *City of El Cenizo*, the Fifth Circuit only addressed whether Texas's S.B. 4 detainer mandate provision violated the Fourth Amendment. *City of El Cenizo v. Texas*, 890 F.3d 164, 185-90 (5th Cir. 2018). The Fifth Circuit's analysis of § 1357(g)(10) is limited to plaintiffs' field preemption challenge to S.B. 4 in its entirety and in particular to a provision that "would 'prohibit or materially limit' a specified official from 'assisting or cooperating with a federal immigration officer as reasonable or necessary . . . .'" *City of El Cenizo*, 890 F.3d at 178. Accordingly, *City of El Cenizo* is of limited guidance to this Court in addressing plaintiffs' conflict-preemption claims here as to Section 908.5(1) and other provisions of Florida S.B. 168 that authorize arrest, detention, and transportation outside of a 287(g) agreement.

[9] ICE has changed the detainer form five times since 2010 due to repeated court defeats or conceded constitutional infirmaries. *See generally* Appendix B; *see also* Memorandum, Jeh Johnson, DHS Secretary, "Secure Communities" (Nov. 20, 2014), https://www.dhs.gov/sites/default/files/publications/14_1120_memo_secure_communities.pdf.

8 U.S.C. § 1357(d)(3). A thorough examination of Section 287(d) and the context within which it was enacted reveals how detainers fit into the "removal system Congress created." *Arizona*, 567 U.S. at 407-410; *see* Section I, *supra*.  Congress understood "detainer" to mean a request from immigration authorities for notification of a person's upcoming release—not continued detention.

**A.      At the time Congress enacted Section 287(d), the INS used "detainers" as requests for notice of a person's upcoming release, not a request or authorization for continued detention by non-federal officials.**

When Congress enacted Section 287(d) in 1986, it did so against a background of an existing decades-old detainer practice. Immigration authorities had been issuing notices styled "detainers" since at least the 1950s. *See*, *e.g.*, *Slavik v. Miller*, 89 F. Supp. 575 (W.D. Pa. 1950). As both the federal executive and federal courts understood them, these detainers served only to request *notice* from the receiving institution of the detainer subject's upcoming release from custody. Detainers did not purport to authorize or even request any detention beyond the point when the subject was entitled to release.

The limited scope of detainers when Section 287(d) was enacted was reflected in language on the Form I-247 detainer noting its use "for notification purposes only." *See Vargas v. Swan*, 854 F.2d 1028, 1035 (7th Cir. 1988); *see also* Apx-7 (Form I-247 detainer in use from March 1983 until April 1997). The Form I-247 requested notification of release, but nowhere did it purport to request or

authorize continued detention. *Id.*; *see, e.g., Garcia v. Taylor*, 40 F.3d 299, 304 (9th Cir. 1994) (finding "nothing in the detainer letter that would allow, much less compel, the warden to do anything but release Garcia at the end of his term of imprisonment"); *Campillo v. Sullivan,* 853 F.2d 593, 594 (8th Cir. 1988) (noting detainer was "for notification purposes only" and requested "INS be notified within thirty days of Campillo's release"); *Prieto v. Gulch,* 913 F.2d 1159, 1164 (6th Cir. 1990) (noting detainer "does [not] ask the warden to hold a petitioner" for immigration officials); *Matter of Lehder*, 15 I. & N. Dec. 159, 159 (BIA 1975) (describing detainer as requesting notification "30 days prior to the respondent's release").

The federal government endorsed this understanding in litigation contemporary to the adoption of Section 287(d), pointing to the "for notification purposes only" language in the Form I-247 to show detainers functioned as "an internal administrative mechanism" which "merely serves to advise" a receiving agency of the suspicion that the subject is deportable. *Vargas*, 854 F.2d at 1030-33. In the executive branch's view, a detainer was simply a "comity-restrained notice document." *Id.* at 1033.

In accordance with existing detainer practices, the only detention Congress contemplated was by federal officials *after* the "detainer" notification. This is clear in the statute itself. The sentence immediately following the reference to "detainer

to detain" indicates it is federal officials who take custody once the basis for local detention has ended. 8 U.S.C. § 1357(d)(3) ("If such a detainer is issued and the alien is not otherwise detained by Federal, State, or local officials, the Attorney General shall effectively and expeditiously take custody of the alien.").

This understanding of Section 287(d) followed the historic "detainer" practice, which was not to request continued detention but to transfer custody of the person to "immigration authorities *at the time sentence is fulfilled in the state institution*." *Slavik*, 89 F. Supp. at 576 (emphasis added); *see also Chung Young Chew v. Boyd*, 309 F.2d 857, 860 (9th Cir. 1962) ("[P]etitioner was released from the penitentiary and *was immediately taken into physical custody . . . by an employee of [INS]*.") (emphasis added). It was only in April 1997 that the former Immigration and Naturalization Service (now ICE) changed the detainer form to request detention. Congress never authorized this profound claimed expansion of arrest authority.[10]

---

[10] As described in Section I, *supra,* Congress has only authorized ICE to make arrests based on a trained immigration officer's personal execution of an administrative warrant or without a warrant if the trained officer has a "reason to believe" the individual is "likely to escape before a warrant can be obtained for [the] arrest." 8 U.S.C. § 1357(a)(2). ICE detainers have never included or been based on the necessary finding to execute a warrantless arrest. *Moreno*, 213 F. Supp. 3d at 1007-09. Likewise, non-federal officials, at a minimum, are preempted from warrantless arrest authority that is broader than ICE's own authority under § 1357(a)(2). *Arizona,* 567 U.S. at 407-10. Nor are non-federal officials authorized to make an arrest based on an ICE administrative warrant, absent a 287(g) agreement and concurrent state law authority. *See* Section I, *supra*, and Section III, *infra.* As such, Section 908.5(1)'s requirement that Florida law enforcement make arrests based on an immigration detainer exceeds the INA and thus is preempted.

Section 287(d), consistent with historical practice, recognized the detainer as (1) requesting that immigration officials be notified of a detainee's upcoming release; and (2) requiring immediate assumption of custody by *federal* immigration officials, not continued detention by non-federal officials who would otherwise have no basis for detention. *Moreno,* 213 F. Supp. 3d at 1005 n.3 (finding Section 287(d) "does not provide ICE with any authority to request that a local law enforcement agency detain an alien beyond when the local agency would otherwise release the person"); *Lunn*, 78 N.E.3d at 1146 (finding "no Federal statute that confers on State officers the power to make [an arrest based on an immigration detainer]").

> **B. The Supreme Court has properly understood "detainer" as enacted in Section 287(d) as a request for notice of a detainee's upcoming release, not an authorization (or even a request) for continued detention.**

The Supreme Court's understanding of Section 287(d) accords with the historical practice and legislative intent for "detainers" discussed above. In *Arizona,* the Court briefly considered the proper place of Section 287(d) in the "system Congress created" for immigration enforcement.

In its *Arizona* brief, the United States pointed to detainer-based detention by non-federal officials as an example of "cooperative enforcement" with federal immigration officials. The government cited as authority for this "cooperative enforcement" the detainer *regulation* (which arguably addresses continued

16

detention)[11] rather than the statute (which does not). *Arizona v. United States*, 567

U.S. 387 (2012), 2012 WL 939048, Br. for the United States, at \*54. The Supreme

Court, however, focused on what Congress enacted. The Court looked to Section

287(d) and described detainers as "*requests for information* about when an alien

will be released from custody." *Arizona*, 567 U.S. at 410 (emphasis added);

*Galarza v. Szalczyk*, 745 F.3d 634, 641 (3rd Cir. 2014) (stating the *Arizona* Court

"noted that § 1357(d) is a request for notice of a prisoner's release, not an

authorization (or even a request) to [non-federal agencies] to detain suspects").

The Court classified responding to detainers *by providing notification of release* as

an example of non-federal "cooperat[ion] with the Attorney General" permitted by

the INA. *Arizona*, 567 U.S. at 410 (citing 8 U.S.C. § 1357(g)(10)(B)); *Lopez-*

*Aguilar*, 296 F. Supp. 3d at 973 ("Of critical importance to our analysis [of §

1357(g)(10)], the Court [in *Arizona*] cited only the detainer statute, *but not the*

*detainer regulation*, as a further example of permissible cooperation, marking a

clear line between communication authorized by statute and detention not

authorized by statute."); *Creedle*, 349 F. Supp. 3d at 1303-04 (following *Arizona*

and *Lopez-Aguilar* in concluding that detainers are a permissible form of

---

[11] 8 C.F.R. § 287.7(d). Courts have interpreted the regulation as, in fact, not authorizing detention. *Villars v. Kubiatowski*, 45 F. Supp. 3d 791, 807(N.D. Ill. 2014) (finding regulation does not authorize detention "*after local custody over the detainee would otherwise end*") (emphasis in original); *see also Galarza v. Szalczyk*, 745 F.3d 634, 639-40 (3rd Cir. 2014) (holding the plain language of 8 C.F.R. § 287.7(d) "merely authorizes the issuance of detainers as *requests*") (emphasis added).

cooperation under § 1357(g)(10)(B) for communication of release but not detention); *C.F.C.,* 349 F. Supp. 3d at 1257 (same).

The Supreme Court correctly focused on the historical use of detainers as requests for notification of release*,* rather than on DHS's more recent practice of requesting continued detention by non-federal officials.

Congress has never authorized a detainer as vehicle for permitting non-federal officers to make arrests on federal immigration officials' behalf. As such, detainers cannot be used as an end run around the limits on arrest authority under the INA.

## III. THE SPECIFIC ROLE OF I-200 AND I-205 ADMINISTRATIVE WARRANTS IN THE "SYSTEM CONGRESS CREATED" FOR IMMIGRATION ENFORCEMENT AND REMOVAL.

Despite the Defendants' claims to the contrary, Opp. Br. at 3, the INA authorizes only designated, trained ICE officers to arrest and detain an individual based on an administrative warrant. 8 C.F.R. §§ 236.1(b)(1), 241.2(b). The I-200 administrative immigration warrant ("I-200 warrant") forms the basis for detention pending removal proceedings. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1); Form I-200, *supra* p. 7. Accordingly, an I-200 administrative warrant can only provide the basis for arrest and detention if the Notice to Appear, i.e., the charging document for removal proceedings, has been served on the individual. 8 C.F.R. § 236.1(b)(1). Notably, S.B. 168's arrest provisions based on an immigration

detainer, administrative warrant, or both do not require the service of a Notice to Appear—thus providing Florida law enforcement with greater arrest authority than even DHS officers possess. *See Arizona*, 567 U.S. at 408 (enjoining a provision of Arizona's S.B. 1070 because it "attempt[ed] to provide state officers even greater authority to arrest aliens on the basis of possible removability than Congress has given to trained federal immigration officers").

Neither an immigration judge, a detached and neutral magistrate, nor a judicial officer issues the I-200 warrant; it is issued by designated supervisory ICE enforcement officers. 8 C.F.R. § 287.5(e)(2); Form I-200, *supra* p. 7; *see El Badrawi v. DHS*, 579 F. Supp. 2d 249, 276 (D. Conn. 2008) (treating arrest pursuant to administrative immigration warrant as warrantless arrest after noting that warrant "was signed by … an ICE Agent intimately involved in the investigation" and "[n]o neutral magistrate (or even a neutral executive official) ever examined the warrant's validity"). Like an I-247 immigration detainer, the I-200 warrant does not contain a particularized showing of probable cause but rather contains checkboxes of boilerplate allegations, written in the alternative, which may or may not form the basis for an ICE officer's decision to seek arrest and detention. *See* Form I-200, *supra* p. 7; Form I-247A, Apx-21. Moreover, it seems ICE may have a widespread practice of issuing these administrative warrants in violation of law. Bob Ortega, *ICE supervisors sometimes skip required review of*

19

*detention warrants, emails show,* CNN (Mar. 13, 2019), https://www.cnn.com/-2019/03/13/-us/ice-supervisors-dont-always-review-deportation-warrants-invs/index.html.

As detailed in Section I, *supra*, non-federal officials' authority to arrest and detain for civil immigration purposes is strictly limited. *Arizona*, 567 U.S. at 408-09 (citations omitted). Absent a 287(g) agreement *and* concurrent authority under state law, ICE's policy to accompany an immigration detainer with an I-200 administrative warrant does not change the fact that significant sections of Florida S.B. 168 are preempted by the INA. The INA preempts Florida from authorizing its law enforcement agencies and officials to make civil immigration arrests (whether based on an immigration detainer, administrative warrant, or some combination of both), without required federal training and authorization of each officer pursuant to a 287(g) agreement.

\* \* \*

Three clear principles emerge to guide this Court's consideration of whether the provisions of S.B. 168 purporting to authorize Florida law enforcement to effect civil immigration arrests and detention are preempted by the INA. First, the "system Congress created" for immigration enforcement is one in which the immigration arrest authority of federal officials is strictly limited, and the authority of non-federal officials even more limited, to specifically enumerated

circumstances. *Arizona,* 567 U.S. at 408-09. The proviso contained at Section 287(g)(10), 8 U.S.C. § 1357(g)(10), simply clarifies that a 287(g) Agreement is not required to cooperate with federal immigration officials in ways previously permitted—ways that fall outside the actual arrest and detention of an individual by the non-federal officials. Second, in enacting the only reference to "detainers" in the INA, Congress intended to reinforce federal immigration officials' decades-old practice of requesting *notification* of an individual's release from local custody, not detention. Congress has never authorized a detainer as vehicle for permitting non-federal officers to make arrests on federal immigration officials' behalf. Finally, an I-200 or I-205 administrative warrant can only be executed by a designated, trained immigration officer, such that absent a 287(g) agreement and concurrent state-law authority, non-federal officials are not authorized to make a civil immigration arrest based on an administrative warrant.

## CONCLUSION

For the foregoing reasons, *amici curiae* respectfully urge this Court to grant Plaintiff's requested relief and enjoin Florida law S.B. 168's provisions authorizing state and local law enforcement to arrest, detain, and transport individuals for civil immigration violations, as preempted by the Immigration and Nationality Act.

Respectfully submitted this 17th day of September, 2019,

/s/ Michael S. Vastine

Michael S. Vastine
Professor of Law
Director, Immigration Clinic
St. Thomas University School of Law
16401 NW 37th Avenue
Miami Gardens, FL 33054
 (305) 623-2340

Counsel of record for *amici curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2019, I electronically caused the foregoing to be filed via the Court's CM/ECF filing system, with notification and service electronically upon all parties of record.

/s/ Michael S. Vastine

Michael S. Vastine
Counsel of record for *amici curiae*

# APPENDIX A - LIST OF THE SCHOLAR *AMICI CURIAE*

(Titles and institutional affiliations provided for identification purposes only)

Amna A. Akbar
Associate Professor of Law
The Ohio State University
Moritz College of Law

David C. Baluarte
Associate Dean for Academic Affairs
Associate Clinical Professor of Law
Washington and Lee University School of Law

Caitlin Barry
Associate Professor of Law
Villanova University Charles Widger School of Law

Steven W. Bender
Professor of Law
Seattle University

Benjamin Casper Sanchez, Faculty Director
James H. Binger Center for New Americans
University of Minnesota Law School

Linus Chan
Associate Clinical Professor of Law
James H. Binger Center for New Americans
University of Minnesota Law School

Michael J. Churgin
Raybourne Thompson Centennial Professor in Law
University of Texas at Austin

Holly S. Cooper
Co-Director, Immigration Law Clinic
University of California, Davis School of Law

Ingrid Eagly
Professor of Law
UCLA School of Law

Kate Evans
Director, Immigrant Rights Clinic
Clinical Professor of Law
Duke University School of Law

Joseph Harbaugh
Dean and Professor Emeritus
Nova Southeastern College of Law

Laura A. Hernández
Professor of Law
Baylor Law School

Barbara Hines
Clinical Professor of Law (Retired)
University of Texas School of Law

Laila L. Hlass
Professor of Practice
Tulane University School of Law

Geoffrey A. Hoffman
Clinical Professor
Director, Immigration Clinic
Univ of Houston Law Ctr.

Ulysses Jaen
Director & Associate Professor
Ave Maria School of Law

Elizabeth Keyes
Associate Professor
University of Baltimore School of Law

Ira Kurzban
Adjunct Professor
University of Miami School of Law

Annie Lai
Clinical Professor of Law
UC Irvine School of Law

Christopher N. Lasch
Professor of Law
Co-Director, Immigration Law and Policy Clinic
University of Denver Sturm College of Law

Jennifer J. Lee
Associate Clinical Professor of Law
Temple University Beasley School of Law

Beth Lyon
Clinical Professor of Law
Director, Farmworker Legal Assistance Clinic
Cornell Law School

Peter L. Markowitz
Professor of Law
Kathryn O. Greenberg Immigration Justice Clinic, Director
Benjamin N. Cardozo School of Law

M. Isabel Medina
Ferris Family Distinguished Professor of Law
Loyola University New Orleans College of Law

Stephen Meili
Associate Professor of Law
James H. Binger Professor in Clinical Law
Director, Immigration and Human Rights Clinic
University of Minnesota Law School

Jennifer Moore
Professor of Law and Pamela Minzner Chair in Professionalism
University of New Mexico School of Law

Howard S. (Sam) Myers, III
Adjunct Professor of Law
University of Minnesota Law School

William Quigley
Professor of Law
Loyola University New Orleans

Maritza Reyes
Associate Professor of Law
Florida A&M University College of Law

Sarah Rogerson
Professor of Law
Director, Immigration Law Clinic
Albany Law School

Victor Romero
Maureen B. Cavanaugh Distinguished Faculty Scholar
Professor of Law
The Pennsylvania State University | University Park

Carrie Rosenbaum
Visiting Scholar and Lecturer
University of California, Berkeley

Rubén G. Rumbaut
Distinguished Professor
University of California, Irvine

Anita Sinha
Associate Professor of Law
Director, International Human Rights Law Clinic
American University Washington College of Law

Juliet P. Stumpf
Robert E. Jones Professor of Advocacy and Ethics
Lewis & Clark Law School

Rick Su
Professor of Law
University of North Carolina School of Law

David B. Thronson
Alan S. Zekelman Professor of International Human Rights Law
Michigan State University College of Law

Philip L. Torrey
Managing Attorney, Harvard Immigration and Refugee Clinical Program
Harvard Law School

Mary Pat Treuthart
Professor of Law
Gonzaga University School of Law

Enid Trucios-Haynes
Professor of Law, Louis D. Brandeis School of Law
Co-Director, Brandeis Human Rights Advocacy Program
University of Louisville

Michael S. Vastine
Professor of Law
Director, Immigration Clinic
St. Thomas University School of Law

Yolanda Vázquez
Professor of Law
University of Cincinnati College of Law

Virgil Wiebe
Robins Kaplan Director of Clinical Education
Professor of Law
University of St. Thomas

Michael J. Wishnie
William O. Douglas Clinical Professor of Law
Yale Law School

Stephen Wizner
William O. Douglas Clinical Professor Emeritus
Yale Law School

Mark E. Wojcik
Professor of Law
UIC John Marshall Law School
The University of Illinois at Chicago

## APPENDIX B—DHS DETAINER FORMS

Form I-247 (Mar. 1983) ........................................................... Apx-7

Form I-247 (Apr. 1997) ........................................................... Apx-8

Form I-247 (Aug. 2010) .......................................................... Apx-9

Form I-247 (Dec. 2011) ........................................................ Apx-10

Form I-247 (Dec. 2012) ........................................................ Apx-13

Form I-247N (May 2015) ....................................................... Apx-16

Form I-247D (May 2015) ....................................................... Apx-17

Form I-247X (Aug. 2015) ...................................................... Apx-20

Form I-247A (Mar. 2017) ...................................................... Apx-21

## EXHIBIT 34A • FORM I-247 (MARCH 1983)

| U.S. Department of Justice | Immigration Detainer - Notice of Action |
| Immigration and Naturalization Service | By Immigration and Naturalization Service |

| | File No. |
| | Date |

**TO:** (Name, title and institution)      **FROM:** (INS Office Address)

| Name of Inmate | | |
| Month, Day and Year of Birth | Sex | Nationality |

**YOU ARE ADVISED THAT THE ACTION NOTED BELOW HAS BEEN TAKEN BY THIS SERVICE CONCERNING THE ABOVE-NAMED INMATE OF YOUR INSTITUTION:**

☐ Investigation has been initiated to determine whether this person is subject to deportation from the U.S.

☐ An Order to Show Cause in deportation proceedings, a copy of which is attached, was served on

——————————— , 19 ___

☐ A warrant of arrest in deportation proceedings, a copy of which is attached, was served on

——————————— , 19 ___

☐ Deportation from the United States has been ordered.

**IT IS REQUESTED THAT YOU:**

☐ Accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments or other treatment which he would otherwise receive.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed franked envelope is enclosed for your convenience.

☐ Notify this office of the time of release at least 30 days prior to release or as much in advance as possible.

☐ Notify this office in the event of death or transfer to another institution.

————————————————      ————————————————
Signature                      Title

| Receipt acknowledged | |
| Probable date of release: | ———————————— |
| | Signature |
| | ———————————— |
| | Title |

Form I-247 (Rev. 3-1-83)N        GPO 897-907

Immigration and Naturalization Service

# Immigration Detainer - Notice of Action

| File No. |
|---|
| Date: |

| To: (Name and title of institution) | From: (INS office address) |
|---|---|
| | |

Name of alien: _____

Date of birth: _____ Nationality: _____ Sex: _____

## You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

_____ .
   (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ .
                                                      (Date)

☐ Deportation or removal from the United States has been ordered.

## It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling _____ during business hours or _____ after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☐ Please return a signed copy via facsimile to _____ .
                                                                         (Area code and facsimile number)

Return fax to the attention of _____ , at _____ .
                                  (Name of INS officer handling case)          (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____ .

_____      _____
(Signature of INS official)                                 (Title of INS official)

## Receipt acknowledged:

Date of latest conviction: _____ Latest conviction charge: _____

Estimated release date: _____

Signature and title of official: _____

| | File No: |
| | Date: |

| TO: (Name and title of Institution) | FROM: (Office Address) |

Name of Alien: _____

Date of Birth: _____ Nationality: _____ Sex: _____

## You are advised that the action noted below has been taken by the U.S. Department of Homeland Security concerning the above-named inmate of your institution:

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

_____ .
    (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ .
                                                 (Date)

☐ Deportation or removal from the United States has been ordered.

## It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work, and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Under Federal regulation 8 CFR § 287.7, DHS requests that you maintain custody of this individual for a period not to exceed 48 hours (excluding Saturdays, Sundays, and Federal holidays) to provide adequate time for DHS to assume custody of the alien. Please notify this Office at least 30 days prior to this inmate's release by calling _____ during business hours or
_____ after hours in an emergency.    (Area code and phone number)
(Area code and phone number)

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office.

    ☐ A self-addressed stamped envelope is enclosed for your convenience.

    ☐ Please return a signed copy via facsimile to _____
                                  (Area code and facsimile number)

    Return fax to the attention of _____ , at _____ .
                         (Name of officer handling case)     (Area code and phone number)

☐ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☐ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Office on _____ .

_____      _____
(Signature of DHS Officer)                             (Title of DHS Officer)

**Receipt acknowledged:**

Date of last conviction: _____     Latest conviction charge: _____

Estimated release date: _____

Signature and title of official: _____

DHS Form I-247 (08/10)

# IMMIGRATION DETAINER - NOTICE OF ACTION

| Subject ID: | File No: |
|---|---|
| Event #: | Date: |

| TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency) | FROM: (Department of Homeland Security Office Address) |
|---|---|

## MAINTAIN CUSTODY OF ALIEN FOR A PERIOD NOT TO EXCEED 48 HOURS

Name of Alien: _____

Date of Birth: _____ Nationality: _____ Sex: _____

## THE U.S. DEPARTMENT OF HOMELAND SECURITY (DHS) HAS TAKEN THE FOLLOWING ACTION RELATED TO THE PERSON IDENTIFIED ABOVE, CURRENTLY IN YOUR CUSTODY:

☐ Initiated an investigation to determine whether this person is subject to removal from the United States.

☐ Initiated removal proceedings and served a Notice to Appear or other charging document. A copy of the charging document is attached and was served on _____.
(Date)

☐ Served a warrant of arrest for removal proceedings. A copy of the warrant is attached and was served on _____.
(Date)

☐ Obtained an order of deportation or removal from the United States for this person.

*This action does not limit your discretion to make decisions related to this person's custody classification, work, quarter assignments, or other matters. DHS discourages dismissing criminal charges based on the existence of a detainer.*

## IT IS REQUESTED THAT YOU:

☐ Maintain custody of the subject for a period **NOT TO EXCEED 48 HOURS**, excluding Saturdays, Sundays, and holidays, beyond the time when the subject would have otherwise been released from your custody to allow DHS to take custody of the subject. This request flows from federal regulation 8 C.F.R. § 287.7, which provides that a law enforcement agency "shall maintain custody of an alien" once a detainer has been issued by DHS. **You are not authorized to hold the subject beyond these 48 hours.** As early as possible prior to the time you otherwise would release the subject, please notify the Department by calling _____ during business hours or _____ after hours or in an emergency. If you cannot reach a Department Official at these numbers, please contact the Immigration and Customs Enforcement (ICE) Law Enforcement Support Center in Burlington, Vermont at: (802) 872-6020.

☐ Provide a copy to the subject of this detainer.

☐ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☐ Notify this office in the event of the inmate's death, hospitalization or transfer to another institution.

☐ Consider this request for a detainer operative only upon the subject's conviction.

☐ Cancel the detainer previously placed by this Office on _____.
(Date)

_____ _____
(Name and title of Immigration Officer) (Signature of Immigration Officer)

## TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE SUBJECT OF THIS NOTICE:

Please provide the information below, sign, and return to the Department using the envelope enclosed for your convenience or by faxing a copy to _____. You should maintain a copy for your own records so you may track the case and not hold the subject beyond the 48-hour period.

Local Booking or Inmate # _____ Date of latest criminal charge/conviction: _____

Last criminal charge/conviction: _____

Estimated release date: _____

**Notice:** Once in our custody, the subject of this detainer may be removed from the United States. If the individual may be the victim of a crime, or if you want this individual to remain in the United States for prosecution or other law enforcement purposes, including acting as a witness, please notify the ICE Law Enforcement Support Center at (802) 872-6020.

_____ _____
(Name and title of Officer) (Signature of Officer)

DHS Form I-247 (12/11) Apx-10 Page 1 of 3

## NOTICE TO THE DETAINEE

The Department of Homeland Security (DHS) has placed an immigration detainer on you. An immigration detainer is a notice from DHS informing law enforcement agencies that DHS intends to assume custody of you after you otherwise would be released from custody. DHS has requested that the law enforcement agency which is currently detaining you maintain custody of you for a period not to exceed 48 hours (excluding Saturdays, Sundays, and holidays) beyond the time when you would have been released by the state or local law enforcement authorities based on your criminal charges or convictions. **If DHS does not take you into custody during that additional 48 hour period, not counting weekends or holidays, you should contact your custodian** (the law enforcement agency or other entity that is holding you now) to inquire about your release from state or local custody. **If you have a complaint regarding this detainer or related to violations of civil rights or civil liberties connected to DHS activities, please contact the ICE Joint Intake Center at 1-877-2INTAKE (877-246-8253). If you believe you are a United States citizen or the victim of a crime, please advise DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.**

## NOTIFICACIÓN A LA PERSONA DETENIDA

El Departamento de Seguridad Nacional (DHS) de EE. UU. ha emitido una orden de detención inmigratoria en su contra. Mediante esta orden, se notifica a los organismos policiales que el DHS pretende arrestarlo cuando usted cumpla su reclusión actual. El DHS ha solicitado que el organismo policial local o estatal a cargo de su actual detención lo mantenga en custodia por un período no mayor a 48 horas (excluyendo sábados, domingos y días festivos) tras el cese de su reclusión penal. **Si el DHS no procede con su arresto inmigratorio durante este período adicional de 48 horas, excluyendo los fines de semana o días festivos, usted debe comunicarse con la autoridad estatal o local que lo tiene detenido** (el organismo policial u otra entidad a cargo de su custodia actual) para obtener mayores detalles sobre el cese de su reclusión. **Si tiene alguna queja que se relacione con esta orden de detención o con posibles infracciones a los derechos o libertades civiles en conexión con las actividades del DHS, comuníquese con el Joint Intake Center (Centro de Admisión) del ICE (Servicio de Inmigración y Control de Aduanas) llamando al 1-877-2INTAKE (877-246-8253). Si usted cree que es ciudadano de los Estados Unidos o que ha sido víctima de un delito, infórmeselo al DHS llamando al Centro de Apoyo a los Organismos Policiales (Law Enforcement Support Center) del ICE, teléfono (855) 448-6903 (llamada gratuita).**

## Avis au détenu

Le département de la Sécurité Intérieure [Department of Homeland Security (DHS)] a émis, à votre encontre, un ordre d'incarcération pour des raisons d'immigration. Un ordre d'incarcération pour des raisons d'immigration est un avis du DHS informant les agences des forces de l'ordre que le DHS a l'intention de vous détenir après la date normale de votre remise en liberté. Le DHS a requis que l'agence des forces de l'ordre, qui vous détient actuellement, vous garde en détention pour une période maximum de 48 heures (excluant les samedis, dimanches et jours fériés) au-delà de la période à la fin de laquelle vous auriez été remis en liberté par les autorités policières de l'État ou locales en fonction des inculpations ou condamnations pénales à votre encontre. **Si le DHS ne vous détient pas durant cette période supplémentaire de 48 heures, sans compter les fins de semaines et les jours fériés, vous devez contacter votre gardien** (l'agence des forces de l'ordre qui vous détient actuellement) pour vous renseigner à propos de votre libération par l'État ou l'autorité locale. **Si vous avez une plainte à formuler au sujet de cet ordre d'incarcération ou en rapport avec des violations de vos droits civils liées à des activités du DHS, veuillez contacter le centre commun d'admissions du Service de l'Immigration et des Douanes [ICE - Immigration and Customs Enforcement] [ICE Joint Intake Center] au 1-877-2INTAKE (877-246-8253). Si vous croyez être un citoyen des États-Unis ou la victime d'un crime, veuillez en aviser le DHS en appelant le centre d'assistance des forces de l'ordre de l'ICE [ICE Law Enforcement Support Center] au numéro gratuit (855) 448-6903.**

## AVISO AO DETENTO

O Departamento de Segurança Nacional (DHS) emitiu uma ordem de custódia imigratória em seu nome. Este documento é um aviso enviado às agências de imposição da lei de que o DHS pretende assumir a custódia da sua pessoa, caso seja liberado. O DHS pediu que a agência de imposição da lei encarregada da sua atual detenção mantenha-o sob custódia durante, no máximo, 48 horas (excluindo-se sábados, domingos e feriados) após o período em que seria liberado pelas autoridades estaduais ou municipais de imposição da lei, de acordo com as respectivas acusações e penas criminais. **Se o DHS não assumir a sua custódia durante essas 48 horas adicionais, excluindo-se os fins de semana e feriados, você deverá entrar em contato com o seu custodiante** (a agência de imposição da lei ou qualquer outra entidade que esteja detendo-o no momento) para obter informações sobre sua liberação da custódia estadual ou municipal. **Caso você tenha alguma reclamação a fazer sobre esta ordem de custódia imigratória ou relacionada a violações dos seus direitos ou liberdades civis decorrente das atividades do DHS, entre em contato com o Centro de Entrada Conjunta da Agencia de Controle de Imigração e Alfândega (ICE) pelo telefone 1-877-246-8253. Se você acreditar que é um cidadão dos EUA ou está sendo vítima de um crime, informe o DHS ligando para o Centro de Apoio à Imposição da Lei do ICE pelo telefone de ligação gratuita (855) 448-6903**

**THÔNG BÁO CHO NGƯỜI BỊ GIAM GIỮ**

Bộ Quốc Phòng (DHS) đã có lệnh giam giữ quý vị vì lý do di trú. Lệnh giam giữ vì lý do di trú là thông báo của DHS cho các cơ quan thi hành luật pháp là DHS có ý định tạm giữ quý vị sau khi quý vị được thả. DHS đã yêu cầu cơ quan thi hành luật pháp hiện đang giữ quý vị phải tiếp tục tạm giữ quý vị trong không quá 48 giờ đồng hồ (không kể thứ Bảy, Chủ nhật, và các ngày nghỉ lễ) ngoài thời gian mà lẽ ra quý vị sẽ được cơ quan thi hành luật pháp của tiểu bang hoặc địa phương thả ra dựa trên các bản án và tội hình sự của quý vị. **Nếu DHS không tạm giam quý vị trong thời gian 48 giờ bổ sung đó, không tính các ngày cuối tuần hoặc ngày lễ, quý vị nên liên lạc với bên giam giữ quý vị** (cơ quan thi hành luật pháp hoặc tổ chức khác hiện đang giam giữ quý vị) để hỏi về việc cơ quan địa phương hoặc liên bang thả quý vị ra. **Nếu quý vị có khiếu nại về lệnh giam giữ này hoặc liên quan tới các trường hợp vi phạm dân quyền hoặc tự do công dân liên quan tới các hoạt động của DHS, vui lòng liên lạc với ICE Joint Intake Center tại số 1-877-2INTAKE (877-246-8253). Nếu quý vị tin rằng quý vị là công dân Hoa Kỳ hoặc nạn nhân tội phạm, vui lòng báo cho DHS biết bằng cách gọi ICE Law Enforcement Support Center tại số điện thoại miễn phí (855) 448-6903.**

## 对被拘留者的通告

美国国土安全部（DHS）已发出对你的移民监禁令。移民监禁令是美国国土安全部用来通告执法当局，表示美国国土安全部意图在你可能从当前的拘留被释放以后继续拘留你的通知单。美国国土安全部已经向当前拘留你的执法当局要求，根据对你的刑事起诉或判罪的基础，在本当由州或地方执法当局释放你时，继续拘留你，为期不超过 48 小时（星期六、星期天和假日除外）。**如果美国国土安全部未在不计周末或假日的额外 48 小时期限内将你拘留，你应该联系你的监管单位**（现在拘留你的执法当局或其他单位），询问关于你从州或地方执法单位被释放的事宜。**如果你对于这项拘留或关于美国国土安全部的行动所涉及的违反民权或公民自由权有任何投诉，请联系美国移民及海关执法局联合接纳中心（ICE Joint Intake Center），电话号码是 1-877-2INTAKE (877-246-8253)。如果你相信你是美国公民或犯罪被害人，请联系美国移民及海关执法局的执法支援中心（ICE Law Enforcement Support Center），告知美国国土安全部。该执法支援中心的免费电话号码是 (855) 448-6903。**

# IMMIGRATION DETAINER - NOTICE OF ACTION

| | |
|---|---|
| Subject ID:<br>Event #: | File No:<br>Date: |

| | |
|---|---|
| TO: (Name and Title of Institution - OR Any Subsequent Law<br>     Enforcement Agency) | FROM: (Department of Homeland Security Office Address) |

## MAINTAIN CUSTODY OF ALIEN FOR A PERIOD NOT TO EXCEED 48 HOURS

Name of Alien: _____

Date of Birth: _____ Nationality: _____ Sex: _____

**THE U.S. DEPARTMENT OF HOMELAND SECURITY (DHS) HAS TAKEN THE FOLLOWING ACTION RELATED TO THE PERSON IDENTIFIED ABOVE, CURRENTLY IN YOUR CUSTODY:**

☐ Determined that there is reason to believe the individual is an alien subject to removal from the United States. The individual (*check all that apply*):

☐ has a prior a felony conviction or has been charged with a felony offense;

☐ has three or more prior misdemeanor convictions;

☐ has a prior misdemeanor conviction or has been charged with a misdemeanor for an offense that involves violence, threats, or assaults; sexual abuse or exploitation; driving under the influence of alcohol or a controlled substance; unlawful flight from the scene of an accident; the unlawful possession or use of a firearm or other deadly weapon, the distribution or trafficking of a controlled substance; or other significant threat to public safety;

☐ has been convicted of illegal entry pursuant to 8 U.S.C. § 1325;

☐ has illegally re-entered the country after a previous removal or return;

☐ has been found by an immigration officer or an immigration judge to have knowingly committed immigration fraud;

☐ otherwise poses a significant risk to national security, border security, or public safety; and/or

☐ other (specify): _____.

☐ Initiated removal proceedings and served a Notice to Appear or other charging document. A copy of the charging document is attached and was served on _____ (date).

☐ Served a warrant of arrest for removal proceedings. A copy of the warrant is attached and was served on _____ (date).

☐ Obtained an order of deportation or removal from the United States for this person.

*This action does not limit your discretion to make decisions related to this person's custody classification, work, quarter assignments, or other matters. DHS discourages dismissing criminal charges based on the existence of a detainer.*

**IT IS REQUESTED THAT YOU:**

☐ Maintain custody of the subject for a period **NOT TO EXCEED 48 HOURS**, excluding Saturdays, Sundays, and holidays, beyond the time when the subject would have otherwise been released from your custody to allow DHS to take custody of the subject. This request derives from federal regulation 8 C.F.R. § 287.7. For purposes of this immigration detainer, **you are not authorized to hold the subject beyond these 48 hours.** As early as possible prior to the time you otherwise would release the subject, please notify DHS by calling_____during business hours or_____after hours or in an emergency. If you cannot reach a DHS Official at these numbers, please contact the ICE Law Enforcement Support Center in Burlington, Vermont at: (802) 872-6020.

☐ Provide a copy to the subject of this detainer.

☐ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☐ Notify this office in the event of the inmate's death, hospitalization or transfer to another institution.

☐ Consider this request for a detainer operative only upon the subject's conviction.

☐ Cancel the detainer previously placed by this Office on _____ (date).

_____    _____
(Name and title of Immigration Officer)                    (Signature of Immigration Officer)

**TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE SUBJECT OF THIS NOTICE:**

Please provide the information below, sign, and return to DHS using the envelope enclosed for your convenience or by faxing a copy to _____. You should maintain a copy for your own records so you may track the case and not hold the subject beyond the 48-hour period.

Local Booking/Inmate #: _____    Latest criminal charge/conviction: _____ (date)   Estimated release: _____(date)

Last criminal charge/conviction: _____

**Notice:** Once in our custody, the subject of this detainer may be removed from the United States. If the individual may be the victim of a crime, or if you want this individual to remain in the United States for prosecution or other law enforcement purposes, including acting as a witness, please notify the ICE Law Enforcement Support Center at (802) 872-6020.

_____    _____
(Name and title of Officer)                                        (Signature of Officer)

Information only

## NOTICE TO THE DETAINEE

The Department of Homeland Security (DHS) has placed an immigration detainer on you. An immigration detainer is a notice from DHS informing law enforcement agencies that DHS intends to assume custody of you after you otherwise would be released from custody. DHS has requested that the law enforcement agency which is currently detaining you maintain custody of you for a period not to exceed 48 hours (excluding Saturdays, Sundays, and holidays) beyond the time when you would have been released by the state or local law enforcement authorities based on your criminal charges or convictions. **If DHS does not take you into custody during that additional 48 hour period, not counting weekends or holidays, you should contact your custodian** (the law enforcement agency or other entity that is holding you now) to inquire about your release from state or local custody. **If you have a complaint regarding this detainer or related to violations of civil rights or civil liberties connected to DHS activities, please contact the ICE Joint Intake Center at 1-877-2INTAKE (877-246-8253). If you believe you are a United States citizen or the victim of a crime, please advise DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.**

## NOTIFICACIÓN A LA PERSONA DETENIDA

El Departamento de Seguridad Nacional (DHS) de EE. UU. ha emitido una orden de detención inmigratoria en su contra. Mediante esta orden, se notifica a los organismos policiales que el DHS pretende arrestarlo cuando usted cumpla su reclusión actual. El DHS ha solicitado que el organismo policial local o estatal a cargo de su actual detención lo mantenga en custodia por un período no mayor a 48 horas (excluyendo sábados, domingos y días festivos) tras el cese de su reclusión penal. **Si el DHS no procede con su arresto inmigratorio durante este período adicional de 48 horas, excluyendo los fines de semana o días festivos, usted debe comunicarse con la autoridad estatal o local que lo tiene detenido** (el organismo policial u otra entidad a cargo de su custodia actual) para obtener mayores detalles sobre el cese de su reclusión. **Si tiene alguna queja que se relacione con esta orden de detención o con posibles infracciones a los derechos o libertades civiles en conexión con las actividades del DHS, comuníquese con el Joint Intake Center (Centro de Admisión) del ICE (Servicio de Inmigración y Control de Aduanas) llamando al 1-877-2INTAKE (877-246-8253). Si usted cree que es ciudadano de los Estados Unidos o que ha sido víctima de un delito, infórmeselo al DHS llamando al Centro de Apoyo a los Organismos Policiales (Law Enforcement Support Center) del ICE, teléfono (855) 448-6903 (llamada gratuita).**

## Avis au détenu

Le département de la Sécurité Intérieure [Department of Homeland Security (DHS)] a émis, à votre encontre, un ordre d'incarcération pour des raisons d'immigration. Un ordre d'incarcération pour des raisons d'immigration est un avis du DHS informant les agences des forces de l'ordre que le DHS a l'intention de vous détenir après la date normale de votre remise en liberté. Le DHS a requis que l'agence des forces de l'ordre, qui vous détient actuellement, vous garde en détention pour une période maximum de 48 heures (excluant les samedis, dimanches et jours fériés) au-delà de la période à la fin de laquelle vous auriez été remis en liberté par les autorités policières de l'État ou locales en fonction des inculpations ou condamnations pénales à votre encontre. **Si le DHS ne vous détient pas durant cette période supplémentaire de 48 heures, sans compter les fins de semaines et les jours fériés, vous devez contacter votre gardien** (l'agence des forces de l'ordre qui vous détient actuellement) pour vous renseigner à propos de votre libération par l'État ou l'autorité locale. **Si vous avez une plainte à formuler au sujet de cet ordre d'incarcération ou en rapport avec des violations de vos droits civils liées à des activités du DHS, veuillez contacter le centre commun d'admissions du Service de l'Immigration et des Douanes [ICE - Immigration and Customs Enforcement] [ICE Joint Intake Center] au 1-877-2INTAKE (877-246-8253). Si vous croyez être un citoyen des États-Unis ou la victime d'un crime, veuillez en aviser le DHS en appelant le centre d'assistance des forces de l'ordre de l'ICE [ICE Law Enforcement Support Center] au numéro gratuit (855) 448-6903.**

## AVISO AO DETENTO

O Departamento de Segurança Nacional (DHS) emitiu uma ordem de custódia imigratória em seu nome. Este documento é um aviso enviado às agências de imposição da lei de que o DHS pretende assumir a custódia da sua pessoa, caso seja liberado. O DHS pediu que a agência de imposição da lei encarregada da sua atual detenção mantenha-o sob custódia durante, no máximo, 48 horas (excluindo-se sábados, domingos e feriados) após o período em que seria liberado pelas autoridades estaduais ou municipais de imposição da lei, de acordo com as respectivas acusações e penas criminais. **Se o DHS não assumir a sua custódia durante essas 48 horas adicionais, excluindo-se os fins de semana e feriados, você deverá entrar em contato com o seu custodiante** (a agência de imposição da lei ou qualquer outra entidade que esteja detendo-o no momento) para obter informações sobre sua liberação da custódia estadual ou municipal. **Caso você tenha alguma reclamação a fazer sobre esta ordem de custódia imigratória ou relacionada a violações dos seus direitos ou liberdades civis decorrente das atividades do DHS, entre em contato com o Centro de Entrada Conjunta da Agencia de Controle de Imigração e Alfândega (ICE) pelo telefone 1-877-246-8253. Se você acreditar que é um cidadão dos EUA ou está sendo vítima de um crime, informe o DHS ligando para o Centro de Apoio à Imposição da Lei do ICE pelo telefone de ligação gratuita (855) 448-6903**

Bộ Quốc Phòng (DHS) đã có lệnh giam giữ quý vị vì lý do di trú. Lệnh giam giữ vì lý do di trú là thông báo của DHS cho các cơ quan thi hành luật pháp là DHS có ý định tạm giữ quý vị sau khi quý vị được thả. DHS đã yêu cầu cơ quan thi hành luật pháp hiện đang giữ quý vị phải tiếp tục tạm giữ quý vị trong không quá 48 giờ đồng hồ (không kể thứ Bảy, Chủ nhật, và các ngày nghỉ lễ) ngoài thời gian mà lẽ ra quý vị sẽ được cơ quan thi hành luật pháp của tiểu bang hoặc địa phương thả ra dựa trên các bản án và tội hình sự của quý vị. **Nếu DHS không tạm giam quý vị trong thời gian 48 giờ bổ sung đó, không tính các ngày cuối tuần hoặc ngày lễ, quý vị nên liên lạc với bên giam giữ quý vị** (cơ quan thi hành luật pháp hoặc tổ chức khác hiện đang giam giữ quý vị) **để hỏi về việc cơ quan địa phương hoặc liên bang thả quý vị ra. Nếu quý vị có khiếu nại về lệnh giam giữ này hoặc liên quan tới các trường hợp vi phạm dân quyền hoặc tự do công dân liên quan tới các hoạt động của DHS, vui lòng liên lạc với ICE Joint Intake Center tại số 1-877-2INTAKE (877-246-8253). Nếu quý vị tin rằng quý vị là công dân Hoa Kỳ hoặc nạn nhân tội phạm, vui lòng báo cho DHS biết bằng cách gọi ICE Law Enforcement Support Center tại số điện thoại miễn phí (855) 448-6903.**

## 对被拘留者的通告

美国国土安全部（DHS）已发出对你的移民监禁令。移民监禁令是美国国土安全部用来通告执法当局，表示美国国土安全部意图在你可能从当前的拘留被释放以后继续拘留你的通知单。美国国土安全部已经向当前拘留你的执法当局要求，根据对你的刑事起诉或判罪的基础，在本当由州或地方执法当局释放你时，继续拘留你，为期不超过 48 小时（星期六、星期天和假日除外）。**如果美国国土安全部未在不计周末或假日的额外 48 小时期限内将你拘留，你应该联系你的监管单位**（现在拘留你的执法当局或其他单位），询问关于你从州或地方执法单位被释放的事宜。**如果你对于这项拘留或关于美国国土安全部的行动所涉及的违反民权或公民自由权有任何投诉，请联系美国移民及海关执法局联合接纳中心（ICE Joint Intake Center），电话号码是 1-877-2INTAKE (877-246-8253)。如果你相信你是美国公民或犯罪被害人，请联系美国移民及海关执法局的执法支援中心（ICE Law Enforcement Support Center），告知美国国土安全部。该执法支援中心的免费电话号码是 (855) 448-6903。**

# REQUEST FOR VOLUNTARY NOTIFICATION OF RELEASE OF SUSPECTED PRIORITY ALIEN

| | |
|---|---|
| Subject ID: <br> Event #: | File No: <br> Date: |

| | |
|---|---|
| TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency) | FROM: (DHS Office Address) |

Name of Subject: _____

Date of Birth: _____ Suspected Citizenship: _____ Sex: _____

### 1. DHS SUSPECTS THAT THE SUBJECT IS A REMOVABLE ALIEN AND THAT THE SUBJECT IS AN IMMIGRATION ENFORCEMENT PRIORITY BECAUSE HE/SHE *(mark at least one option below, or skip to section 2)*:

☐ has engaged in or is suspected of terrorism or espionage, or otherwise poses a danger to national security;

☐ has been convicted of an offense of which an element was active participation in a criminal street gang, as defined in 18 U.S.C. § 521(a), or is at least 16 years old and intentionally participated in an organized criminal gang to further its illegal activities;

☐ has been convicted of an offense classified as a felony, other than a state or local offense for which an essential element was the alien's immigration status;

☐ has been convicted of an aggravated felony, as defined under 8 U.S.C. § 1101(a)(43) at the time of conviction;

☐ has been convicted of a "significant misdemeanor," as defined under DHS policy; and/or

☐ has been convicted of 3 or more misdemeanors, not including minor traffic offenses and state or local offenses for which immigration status was an essential element, provided the offenses arise out of 3 separate incidents.

### 2. DHS TRANSFERRED THE SUBJECT TO YOUR CUSTODY FOR A PROCEEDING OR INVESTIGATION.

☐ Upon completion of the proceeding or investigation for which the subject was transferred to your custody, DHS intends to resume custody of the subject to complete processing.

### IT IS THEREFORE REQUESTED THAT YOU:

- Provide **notice as early as practicable** (at least 48 hours, if possible) before the subject is released from your custody to allow DHS an opportunity to determine whether there is probable cause to conclude that he or she is a removable alien. **This voluntary notification request <u>does not</u> request or authorize that you detain the subject beyond the time he or she is currently scheduled for release from your custody. This request arises from DHS authorities and should not impact decisions about the subject's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters.**

- As early as possible prior to the time you otherwise would release the subject, please notify DHS by calling ☐U.S. Immigration and Customs Enforcement (ICE) or ☐U.S. Customs and Border Protection (CBP) at _____ _____. If you cannot reach a DHS official at the number(s) provided, please contact the ICE Law Enforcement Support Center at: (802) 872-6020.

- Notify this office in the event of the subject's death, hospitalization or transfer to another institution.

☐ If checked: Please disregard the notification request related to this subject previously submitted to you on _____ (date).

_____     _____
(Name and title of Immigration Officer)        (Signature of Immigration Officer)

---

**Notice:** If the subject is taken into DHS custody, he or she may be removed from the United States. If the subject may be the victim of a crime, or if you want the subject to remain in the United States for a law enforcement purpose, please notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

### TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE SUBJECT OF THIS NOTICE:

Please provide the information below, sign, and return to DHS by mailing, emailing, or faxing a copy to _____.

Local Booking/Inmate #: _____ Est. release date/time: _____ Date of latest criminal charge/conviction: _____

Latest offense charged/convicted: _____

_____     _____
(Name and title of Officer)          (Signature of Officer)

DHS Form I-247N (5/15)

DEPARTMENT OF HOMELAND SECURITY (DHS)
# IMMIGRATION DETAINER – REQUEST FOR VOLUNTARY ACTION

| | |
|---|---|
| Subject ID:<br>Event #: | File No:<br>Date: |

| | |
|---|---|
| TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency) | FROM: (DHS Office Address) |

Name of Subject: _____

Date of Birth: _____ Citizenship: _____ Sex: _____

**1. DHS HAS DETERMINED THAT** *(mark at least one option in subsection A and one option in subsection B, or skip to section 2):*

**A. THE SUBJECT IS AN IMMIGRATION ENFORCEMENT PRIORITY BECAUSE HE/SHE:**

☐ has engaged in or is suspected of terrorism or espionage, or otherwise poses a danger to national security;

☐ has been convicted of an offense of which an element was active participation in a criminal street gang, as defined in 18 U.S.C. § 521(a), or is at least 16 years old and intentionally participated in an organized criminal gang to further its illegal activities;

☐ has been convicted of an offense classified as a felony, other than a state or local offense for which an essential element was the alien's immigration status;

☐ has been convicted of an aggravated felony, as defined under 8 U.S.C. § 1101(a)(43) at the time of conviction;

☐ has been convicted of a "significant misdemeanor," as defined under DHS policy; and/or

☐ has been convicted of 3 or more misdemeanors, not including minor traffic offenses and state or local offenses for which immigration status was an essential element, provided the offenses arise out of 3 separate incidents.

**B. PROBABLE CAUSE EXISTS THAT THE SUBJECT IS A REMOVABLE ALIEN. THIS DETERMINATION IS BASED ON:**

☐ a final order of removal against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**2. DHS TRANSFERRED THE SUBJECT TO YOUR CUSTODY FOR A PROCEEDING OR INVESTIGATION.**

☐ Upon completion of the proceeding or investigation for which the subject was transferred to your custody, DHS intends to resume custody of the subject to complete processing.

**IT IS THEREFORE REQUESTED THAT YOU:**

- Serve a copy of this form on the subject and maintain custody of him/her for a period **NOT TO EXCEED 48 HOURS** beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody. **This request takes effect only if you serve a copy of this form on the subject, and it does not request or authorize that you hold the subject beyond 48 hours. This request arises from DHS authorities and should not impact decisions about the subject's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters.**

- As early as possible prior to the time you otherwise would release the subject, please notify DHS by calling ☐ U.S. Immigration and Customs Enforcement (ICE) or ☐ U.S. Customs and Border Protection (CBP) at _____.
If you cannot reach an official at the number(s) provided, please contact the Law Enforcement Support Center at: (802) 872-6020.

- Notify this office in the event of the subject's death, hospitalization or transfer to another institution.

☐ If checked: Please cancel the detainer related to this subject previously submitted to you on _____ (date).

_____     _____
(Name and title of Immigration Officer)      (Signature of Immigration Officer)

**Notice:** If the subject is taken into DHS custody, he or she may be removed from the United States. If the subject may be the victim of a crime or you want the subject to remain in the United States for a law enforcement purpose, please notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

**TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE SUBJECT OF THIS NOTICE:**

Please provide the information below, sign, and return to DHS by mailing, emailing, or faxing a copy to _____.

Local Booking/Inmate #: _____ Est. release date/time: _____ Date of latest criminal charge/conviction: _____

Latest offense charged/convicted: _____

This Form I-247D was served upon the subject on _____, in the following manner:

☐ in person     ☐ by inmate mail delivery     ☐ other (please specify): _____.

_____     _____
(Name and title of Officer)      (Signature of Officer)

DHS Form I-247D (5/15)            Page 1 of 3

Apx-17

Information Only

## NOTICE TO THE DETAINEE

The Department of Homeland Security (DHS) has placed an immigration detainer on you. An immigration detainer is a notice to a law enforcement agency that DHS intends to assume custody of you (after you otherwise would be released from custody) because there is probable cause that you are subject to removal from the United States under federal immigration law. DHS has requested that the law enforcement agency that is currently detaining you maintain custody of you for a period not to exceed 48 hours beyond the time when you would have been released based on your criminal charges or convictions. **If DHS does not take you into custody during this additional 48 hour period, you should contact your custodian** (the agency that is holding you now) to inquire about your release. **If you have a question or complaint regarding this detainer, please contact the ICE ERO Detention Reporting and Information Line at (888) 351-4024. For complaints related to alleged violations of civil rights or civil liberties connected to DHS activities, please contact the Joint Intake Center at (877) 2INTAKE (877-246-8253). If you believe you are a United States citizen or the victim of a crime, please advise DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.**

## NOTIFICACIÓN AL DETENIDO

El Departamento de Seguridad Nacional (DHS) ha emitido una orden de detención inmigratoria en su contra. Una orden de detención inmigratoria es un aviso a la autoridad de seguridad pública que DHS tiene la intención de asumir custodia sobre usted (después que normalmente hubiera sido liberado de su custodia) porque existe causa probable que usted esté sujeto a ser removido de los Estados Unidos bajo la ley federal de inmigración. DHS ha pedido que la autoridad de seguridad pública que actualmente lo tiene detenido lo / la mantenga en su custodia por un período que no sobrepase 48 horas después del momento cuando usted hubiera sido liberado basado en sus cargos o condenas criminales. **Si DHS no lo toma bajo su custodia durante este período adicional de 48 horas, usted debe contactar a la agencia responsable por su custodia** (la que actualmente lo tiene detenido) para preguntar acerca de su liberación. **Si usted tiene alguna pregunta o queja concerniente a esta orden de detención, por favor contacte la Línea para Reportar e Información de ICE ERO al (888) 351-4024. Para quejas relacionadas a violaciones alegadas de derechos civiles o libertades civiles conectadas a las actividades de DHS, por favor contacte al Joint Intake Center (Centro de Admisión) al (877) 2INTAKE (877-246-8253). Si usted cree ser un ciudadano de los Estados Unidos o víctima de un crimen, por favor avísele a DHS llamando gratis al ICE Law Enforcement Support Center (Centro de Apoyo de ICE para las Agencias para el Cumplimiento de la Ley) al (855) 448-6903.**

## AVIS AU DETENU

Le Département de la Sécurité Nationale (en anglais: DHS) a émis un ordre d'arrêt d'immigration contre vous. Un ordre d'arrêt d'immigration est un avis à un organisme d'application de la loi que DHS a l' intention d'assumer votre garde (après votre libération) car il existe cause probable que vous soyez sujet à l'expulsion des Etats-Unis en vertu du droit fédéral de l'immigration. DHS a demandé à l'agence d'application de la loi qui actuellement vous détient, de vous maintenir sous garde pendant une période n'excédant pas 48 heures après avoir été libéré en fonction des accusations ou condamnations criminelles contre vous. **Si DHS ne vous prend pas en garde à vue au cours de cette période de 48 heures supplémentaires, vous devez contacter votre gardien** (l'agence qui vous retient aujourd'hui) pour enquérir au sujet de votre libération. **Si vous avez une question ou une complainte au sujet de cette demande, veuillez contacter la Ligne pour Rapporter et d'Information de ICE ERO au (888) 351-4024. Pour les plaintes relatives à des violations présumées des droits et libertés civils liés à des activités de DHS, veuillez contacter Joint Intake (Centre d'Admissions) au (877) 2INTAKE (877-246-8253). Si vous croyez que vous êtes un citoyen américain ou victime d'un crime, veuillez prévenir DHS, en appelant gratuitement ICE Law Enforcement Support Center (Centre d'Appui de ICE pour les Organismes d'Application de la Loi) au 855 448-6903.**

## AVISO AO DETENTO

O Departamento de Segurança Interna (DHS, pela sigla americana) emitiu uma ordem de custódia imigratória em seu nome. Este documento é um aviso enviado às agências de aplicação da lei de que o DHS pretende assumir a custódia da sua pessoa, caso seja libertad. O DHS pediu que a agência de aplicação da lei encarregada da sua atual detenção mantenha-o sob custódia durante, no máximo, 48 horas após o periodo em que seria libertado pelas autoridades estaduais ou municipais de aplicação da lei, de acordo com as respectivas acusaçoes e penas criminais. **Se o DHS nao assumir a sua custódia durante essas 48 horas adicionais, voce deverá entrar em contato com a agência custodiante** (a agência de aplicação da lei ou qualquer outra entidade que esteja detendo-o no momento) para obter informações sobre sua libertação da custódia estadual ou municipal. **Caso voce tenha alguma reclamação a fazer sobre esta ordem de custódia imigratória ou relacionada a violações dos seus direitos ou liberdades civis decorrente das atividades do DHS, entre em contato com o *Joint Intake Center,* que seja o Centro de Entrada Conjunta da Agência de Controle de Imigração e Alfândega (ICE, pela sigla americana) pelo telefone 1-877-246-8253. Se você acreditar que é cidadao dos EUA ou está sendo vítima de um crime, informe ao DHS, ligando para o *Law Enforcement Support Center,* que seja o Centro de Apoio para Aplicação da Lei do ICE pelo telefone de ligação gratuita (855) 448-6903.**

Apx-18

Information Only

**THÔNG BÁO CHO NGƯỜI ĐANG BỊ GIAM**

Bộ An ninh Nội địa Mỹ (DHS) có lệnh giam giữ ông/bà vì lý do liên quan đến luật di trú. Lệnh giam giữ vì lý do liên quan đến luật di trú là thông báo của DHS cho các cơ quan thi hành luật pháp là DHS có ý định dành thẩm quyền để tạm giữ ông/bà (sau khi ông/bà được thả). Lý do là, theo luật di trú của liên bang Mỹ, DHS có lý do chính đáng để xếp ông/bà vào diện có thể bị trục xuất ra khỏi Mỹ. DHS đã yêu cầu cơ quan thi hành luật pháp, nơi đang giam ông/bà, phải tiếp tục giam ông/bà thêm cho đến tối đa không được quá 48 tiếng đồng hồ, thời điểm mà ông/bà coi như đã được thả, căn cứ vào lời buộc tội hoặc bản án kết tội của tòa. **Nếu trong vòng 48 tiếng đồng hồ bổ sung này mà DHS không đến nhận ông/bà, thì ông/bà nên liên lạc với nhân viên quản lý của mình** (nơi đang giam giữ ông/bà) để biết chi tiết về vấn đề được thả ra khỏi nhà giam. **Nếu ông/bà có thắc mắc hoặc khiếu nại về lệnh tạm giữ này, xin liên lạc với ICE ERO Detention Reporting and Information Line ở số (888) 351-4024. Nếu ông/bà có phàn nàn về các hoặc động, công tác của DHS mà ông/bà cho là có vi phạm đến dân quyền hoặc tự do dân quyền, xin liên lạc Joint Intake Center ở số (877) 2INTAKE (877-246-8253).** Nếu ông/bà tin rằng mình có quốc tịch Mỹ, hoặc mình là nạn nhân trong vụ tội, xin gọi ICE Law Enforcement Support Center ở số điện thoại miễn phí (855) 448-6903 để báo cho DHS biết.

**對扣留者的通告**

美国国土安全部（DHS）已發出一張扣留令，對你進行扣留。移民扣留令的目的是告訴执法機關現在DHS 有權力扣押你（在你被关押的部门释放之後）因为根据美国联邦移民法，我們有頗能成立的因由可将你遣送出境。DHS 已向扣留你的有關執法機關提出要求在你刑事控罪及定罪後被释放的48小時內對你继续进行扣留。如果在這48小时内DHS没有扣押你，那你可以联络你的保管人（现关押你的部门）查詢有關你释放的事。如果你對這扣留令有任何问题或投诉，请联络ICE ERO 拘留报告信息热线 （888）351-4024。任何有關DHS涉嫌违反民权或民权自由行爲的投诉，请联系美国移民及海关执法局联合接待中心（ICE Joint Intake Center）（877）2INTAKE（877-246-8253）。如果你相信你是美国公民或是受害者，请联系美国移民及海关执法局的执法支援中心（ICE Law Enforcement Support Center）告知DHS，其免费电话号码是（855）448-6903。

Apx-19

DEPARTMENT OF HOMELAND SECURITY (DHS)
**REQUEST FOR VOLUNTARY TRANSFER**

| | |
|---|---|
| Subject ID:<br>Event #: | File No:<br>Date: |

| TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency) | FROM: (DHS Office Address) |
|---|---|

Name of Subject: _____

Date of Birth: _____ Suspected or Known Citizenship: _____ Sex: _____

**A. DHS REQUESTS VOLUNTARY TRANSFER OF THE SUBJECT BECAUSE** *(complete box 1 or 2 below)*:

☐ 1. DHS suspects that the subject is an **immigration enforcement priority** because *(mark at least one)*:

    ☐ (s)he was apprehended at the border or ports of entry while attempting to unlawfully enter the United States;

    ☐ (s)he was apprehended in the United States after unlawfully entering or re-entering the United States after January 1, 2014;

    ☐ (s)he has significantly abused the visa or visa waiver programs;

    ☐ (s)he was issued a final order of removal after January 1, 2014; and/or

    ☐ in the judgment of a designated senior DHS official, his/her removal would serve an important federal interest.

☐ 2. **DHS transferred the subject to your custody** for a proceeding or investigation and, upon completion of that proceeding or investigation, DHS intends to resume custody of the subject to **complete processing**.

**B. DHS REQUESTS YOUR COOPERATION AS FOLLOWS** *(complete box 1 or 2 below)*:

☐ **1. NOTIFICATION. Please notify DHS** as early as practicable (at least 48 hours, if possible) before the subject is released from your custody to allow DHS an opportunity to determine whether there is probable cause to conclude that (s)he is a removable alien.

**NOTE: This voluntary notification request <u>does not</u> request or authorize that you detain the subject beyond the time he or she is currently scheduled for release from your custody.**

☐ **2. DETAINER. Please serve a copy** of this form on the subject **and maintain custody** of him/her for a period **NOT TO EXCEED 48 HOURS** beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody. **Probable cause** exists that the subject is a removable alien. This determination is based on *(check at least one box below)*:

    ☐ a final **order of removal** against the subject;

    ☐ the pendency of **ongoing removal proceedings** against the subject;

    ☐ **biometric confirmation** of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

    ☐ **statements** made voluntarily by the subject to an immigration officer **and/or other reliable evidence** that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**NOTE: This request takes effect only if you serve a copy of this form on the subject, and it does not request or authorize that you hold the subject beyond 48 hours.**

**IMPORTANT NOTICES:**

- **This request arises from DHS authorities and should not impact decisions about the subject's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters.**
- As early as possible prior to the time you otherwise would release the subject, please notify DHS by calling ☐ U.S. Immigration and Customs Enforcement (ICE) or ☐ U.S. Customs and Border Protection (CBP) at _____.
  If you cannot reach an official at the number(s) provided, please contact the Law Enforcement Support Center at: (802) 872-6020.
- Please notify this office in the event of the subject's death, hospitalization, or transfer to another institution.

☐ If checked: Please cancel the detainer related to this subject previously submitted to you on _____ (date).

| _____ | _____ |
|---|---|
| (Name and title of Immigration Officer) | (Signature of Immigration Officer) |

**Notice:** If the subject is taken into DHS custody, he or she may be removed from the United States. If the subject may be the victim of a crime or you want the subject to remain in the United States for a law enforcement purpose, please notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

Please provide the information below, sign, and return to DHS by mailing, emailing, or faxing a copy to _____.

**TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE SUBJECT OF THIS NOTICE:**

Local Booking/Inmate #: _____ Est. release date/time: _____ Date of latest criminal charge/conviction: _____

Arresting agency, if available, and latest offense charged/convicted: _____

**If Box B.2. is checked above**, please indicate the manner in and date on which this Form I-247X was served upon the subject:

☐ in person  ☐ by inmate mail delivery  ☐ other _____(please specify) date: _____

| _____ | _____ |
|---|---|
| (Name and title of Officer) | (Signature of Officer) |

DHS Form I-247X (08/15)

Page 1 of 1

Apx-20

DEPARTMENT OF HOMELAND SECURITY
# IMMIGRATION DETAINER - NOTICE OF ACTION

| | |
|---|---|
| Subject ID:<br>Event #: | File No:<br>Date: |

| | |
|---|---|
| TO: (Name and Title of Institution - OR Any Subsequent Law<br>Enforcement Agency) | FROM: (Department of Homeland Security Office Address) |

Name of Alien: _____

Date of Birth: _____ Citizenship: _____ Sex: _____

**1. DHS HAS DETERMINED THAT PROBABLE CAUSE EXISTS THAT THE SUBJECT IS A REMOVABLE ALIEN. THIS DETERMINATION IS BASED ON** *(complete box 1 or 2).*

☐ A final order of removal against the alien;

☐ The pendency of ongoing removal proceedings against the alien;

☐ Biometric confirmation of the alien's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ Statements made by the alien to an immigration officer and/or other reliable evidence that affirmatively indicate the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**2. DHS TRANSFERRED THE ALIEN TO YOUR CUSTODY FOR A PROCEEDING OR INVESTIGATION** *(complete box 1 or 2).*

☐ Upon completion of the proceeding or investigation for which the alien was transferred to your custody, DHS intends to resume custody of the alien to complete processing and/or make an admissibility determination.

**IT IS THEREFORE REQUESTED THAT YOU:**

- **Notify DHS** as early as practicable (at least 48 hours, if possible) before the alien is released from your custody. Please notify DHS by calling ☐ U.S. Immigration and Customs Enforcement (ICE) or ☐ U.S. Customs and Border Protection (CBP) at _____. If you cannot reach an official at the number(s) provided, please contact the Law Enforcement Support Center at: (802) 872-6020.

- **Maintain custody** of the alien for a period **NOT TO EXCEED 48 HOURS** beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody. The alien **must be served with a copy of this form** for the detainer to take effect. This detainer arises from DHS authorities and should not impact decisions about the alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters

- Relay this detainer to any other law enforcement agency to which you transfer custody of the alien.

- Notify this office in the event of the alien's death, hospitalization or transfer to another institution.

☐ If checked: please cancel the detainer related to this alien previously submitted to you on _____ (date).

_____ _____
(Name and title of Immigration Officer)          (Signature of Immigration Officer) (Sign in ink)

**Notice:** If the alien may be the victim of a crime or you want the alien to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

**TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE ALIEN WHO IS THE SUBJECT OF THIS NOTICE:**

Please provide the information below, sign, and return to DHS by mailing, emailing or faxing a copy to _____ .

Local Booking/Inmate #: _____ Estimated release date/time: _____

Date of latest criminal charge/conviction: _____ Last offense charged/conviction: _____

This form was served upon the alien on _____ , in the following manner:

☐ in person ☐ by inmate mail delivery ☐ other (please specify): _____

_____ _____
(Name and title of Officer)          (Signature of Officer) (Sign in ink)

DHS Form I-247A (3/17)                          Apx-21                                    Page 1 of 3

# NOTICE TO THE DETAINEE

The Department of Homeland Security (DHS) has placed an immigration detainer on you. An immigration detainer is a notice to a law enforcement agency that DHS intends to assume custody of you (after you otherwise would be released from custody) because there is probable cause that you are subject to removal from the United States under federal immigration law.  DHS has requested that the law enforcement agency that is currently detaining you maintain custody of you for a period not to exceed 48 hours beyond the time when you would have been released based on your criminal charges or convictions. **If DHS does not take you into custody during this additional 48 hour period, you should contact your custodian** (the agency that is holding you now) to inquire about your release. **If you believe you are a United States citizen or the victim of a crime, please advise DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.**

# NOTIFICACIÓN A LA PERSONA DETENIDA

El Departamento de Seguridad Nacional (DHS) le ha puesto una retención de inmigración. Una retención de inmigración es un aviso a una agencia de la ley que DHS tiene la intención de asumir la custodia de usted (después de lo contrario, usted sería puesto en libertad de la custodia) porque hay causa probable que usted está sujeto a que lo expulsen de los Estados Unidos bajo la ley de inmigración federal. DHS ha solicitado que la agencia de la ley que le tiene detenido actualmente mantenga custodia de usted por un periodo de tiempo que no exceda de 48 horas más del tiempo original que habría sido puesto en libertad en base a los cargos judiciales o a sus antecedentes penales. **Si DHS no le pone en custodia durante este periodo adicional de 48 horas, usted debe de contactarse con su custodio** (la agencia que le tiene detenido en este momento) para preguntar acerca de su liberación. **Si usted cree que es un ciudadano de los Estados Unidos o la víctima de un crimen, por favor avise al DHS llamando gratuitamente al Centro de Apoyo a la Aplicación de la Ley ICE al (855) 448-6903.**

# AVIS AU DETENU OU À LA DÉTENUE

Le Département de la Sécurité Intérieure (DHS) a placé un dépositaire d'immigration sur vous. Un dépositaire d'immigration est un avis à une agence de force de l'ordre que le DHS a l'intention de vous prendre en garde à vue (après celà vous pourrez par ailleurs être remis en liberté) parce qu'il y a une cause probable que vous soyez sujet à expulsion des États-Unis en vertu de la loi fédérale sur l'immigration. Le DHS a demandé que l'agence de force de l'ordre qui vous détient actuellement puisse vous maintenir en garde pendant une période ne devant pas dépasser 48 heures au-delà du temps après lequel vous auriez été libéré en se basant sur vos accusations criminelles ou condamnations. **Si le DHS ne vous prenne pas en garde à vue au cours de cette période supplémentaire de 48 heures, vous devez contacter votre gardien (ne)** (l'agence qui vous détient maintenant) pour vous renseigner sur votre libération. **Si vous croyez que vous êtes un citoyen ou une citoyenne des États-Unis ou une victime d'un crime, s'il vous plaît aviser le DHS en appelant gratuitement le centre d'assistance de force de l'ordre de l'ICE au (855) 448-6903**

# NOTIFICAÇÃO AO DETENTO

O Departamento de Segurança Nacional (DHS) expediu um mandado de detenção migratória contra você. Um mandado de detenção migratória é uma notificação feita à uma agência de segurança pública que o DHS tem a intenção de assumir a sua custódia (após a qual você, caso contrário, seria liberado da custódia) porque existe causa provável que você está sujeito a ser removido dos Estados Unidos de acordo com a lei federal de imigração. ODHS solicitou à agência de segurança pública onde você está atualmente detido para manter a sua guarda por um período de no máximo 48 horas além do tempo que você teria sido liberado com base nas suas acusações ou condenações criminais. **Se o DHS não leva-lo sob custódia durante este período adicional de 48 horas, você deve entrar em contato com quem tiver a sua custódia** (a agência onde você está atualmente detido) para perguntar a respeito da sua liberação. **Se você acredita ser um cidadão dos Estados Unidos ou a vítima de um crime, por favor informe ao DHS através de uma ligação gratuita ao Centro de Suporte de Segurança Pública do  Serviço de Imigração e Alfândega (ICE) pelo telefone (855) 448-6903.**

Apx-22

Bộ Nội An (DHS) đã ra lệnh giam giữ di trú đối với quý vị. Giam giữ di trú là một thông báo cho cơ quan công lực rằng Bộ Nội An sẽ đảm đương việc lưu giữ quý vị (sau khi quý vị được thả ra) bởi có lý do khả tín quý vị là đối tượng bị trục xuất khỏi Hoa Kỳ theo luật di trú liên bang. Sau khi quý vị đã thi hành đầy đủ thời gian của bản án dựa trên các tội phạm hay các kết án, thay vì được thả tự do, Bộ Nội An đã yêu cầu cơ quan công lực giữ quý vị lại thêm không quá 48 tiếng đồng hồ nữa. Nếu Bộ Nội An không đến bắt quý vị sau 48 tiếng đồng hồ phụ trội đó, quý vị cần liên lạc với cơ quan hiện đang giam giữ quý vị để tham khảo về việc trả tự do cho quý vị. Nếu quý vị là công dân Hoa Kỳ hay tin rằng mình là nạn nhân của một tội ác, xin vui lòng báo cho Bộ Nội An bằng cách gọi số điện thoại miễn phí 1(855) 448-6903 cho Trung Tâm Hỗ Trợ Cơ Quan Công Lực Di Trú.

## 被拘留者通知書

國土安全部(Department of Homeland Security，簡稱DHS)已經對你發出移民拘留令。移民拘留令為一給予執法機構的通知書，闡明DHS意欲獲取對你的羈押權(若非有此羈押權，你將會被釋放)；因為根據聯邦移民法例，並基於合理的原由，你將會被遞解離美國國境。DHS亦已要求現正拘留你的執法機構，在你因受到刑事檢控或定罪後，而在本應被釋放的程序下，繼續對你作出不超過四十八小時的監管。若你在這附加的四十八小時內，仍未及移交至**DHS**的監管下，你應當聯絡你的監管人(即現正監管你的機構)查詢有關你釋放的事宜。若你認為你是美國公民或為罪案受害者，請致電**ICE**執法部支援中心**(Law Enforcement Support Center)**知會**DHS**，免費電話號碼：**(855)448-6903**。