UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22927-BLOOM/Louis

CITY OF SOUTH MIAMI, et al.,

      Plaintiffs,

        v.

RON DESANTIS, et al.,

      Defendants.

_____/

**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION AND IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Proposed amici curiae Human Rights Watch (HRW), Center for Constitutional Rights (CCR), and LatinoJustice PRLDEF (LatinoJustice) (collectively "Amici Curiae"), through undersigned counsel, respectfully request leave of this Court to submit the attached brief amici curiae and attached appendix in support of Plaintiffs' Motion for Permanent Injunction, and in opposition to Defendants' Motion To Dismiss.

Federal district courts have inherent power to permit amicus curiae to assist them in a proceeding. *See Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500–01 (S.D. Fla. 1991); *see also* ECF No. [60].  As one court has observed, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved."  *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005); *see Florida  v. U.S. Dep't Health & Human Services*, 648 F.3d 1235, 1306 n. 124 (11th Cir. 2011) (noting that an amicus curiae brief was "helpful" to the court's consideration of the issues); *Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages*

*Control Com'n*, 197 F.3d 560, 567 (1st Cir. 1999) ("[A] court is usually delighted to hear additional arguments from able amici that will help the court toward right answers").

The instant Motion for leave to file is based upon the following:

1.     Amici Curiae have an interest in this case and are well-placed to submit a brief amicus curiae.

Human Rights Watch is a non-profit, independent organization and the largest international human rights organization based in the United States. Since 1978, Human Rights Watch has investigated and exposed human rights violations and challenged governments to protect the human rights of citizens and noncitizens alike.  Human Rights Watch investigates allegations of human rights violations in more than 100 countries around the world, including in the United States, by interviewing witnesses, gathering information from a variety of sources, and issuing detailed reports.  Where human rights violations have been found, Human Rights Watch advocates for the enforcement of those rights with governments and international organizations and in the court of public opinion.

The Center for Constitutional Rights is a national non-profit legal and educational organization dedicated to advancing and protecting the rights guaranteed by the United States Constitution and international human rights law. Founded in 1966 to provide legal support for the civil rights movement, CCR has a long history of litigating landmark civil and human rights cases fighting for racial justice and immigrant rights. CCR's litigation challenging abusive immigration practices includes cases such as *East Bay Covenant v. Barr*, 19-cv-04073 (N.D. Ca); *Al Otro Lado v. Neilsen*, 17-cv-05111 (C.D. Ca); and *Make the Road v. Cuccinelli*, 19-cv-07993 (S.D.N.Y.).

LatinoJustice PRLDEF, formerly known as the Puerto Rican Legal Defense & Education Fund, is a national non-profit civil rights legal defense fund that has advocated for and defended

the constitutional rights of all Latinos to ensure their equal protection under the law since 1972. LatinoJustice has engaged in and supported law reform litigation challenging local and state immigration enforcement policies and practices that illegally seek to usurp federal immigration authority. LatinoJustice has also conducted advocacy at the United Nations and the Inter-American Commission on Human Rights.

2. Amici Curiae's expertise is timely and useful to this Court. Amici are experts on international human rights law, with particular experience and expertise in analyzing and applying international human rights law in the context of domestic U.S. litigation. As set out in the proposed amicus brief, attached here, since the founding of the nation, U.S. federal courts have looked to international human rights law as a touchstone to confirm conclusions reached through domestic legal reasoning and to illuminate the global legal implications of domestic decisions. *See, e.g.*, *Declaration of Independence* [¶ 1] (1776); Sarah Cleveland, *Our International Constitution*, 31 YALE J. INT'L L 1, 5-6 (2006) (citing *Lawrence v. Texas*, 539 U.S. 558, 576-77 (2003); *Grutter v. Bollinger*, 539 U.S. 306, 344 (2003) (Ginsberg and Breyer, JJ., concurring); *Perkins v. Elg*, 307 U.S. 325, 329 (1939); *Mackenzie v. Hare*, 239 U.S. 299, 308-09 (1915); *Pennoyer v. Neff*, 95 U.S. 714, 722 (1877); *United States v. Smith*, 18 U.S. (5 Wheat.) 153, 157 (1820); *Ware v. Hilton*, 3 U.S. (3 Dall.) 196, 261 (1796)). Amici's proposed brief sets out relevant international human rights documents, including treaties to which the U.S. is a party and statements of international bodies and other officials concerning equality and non-discrimination, and in particular the international legal status of non-citizens and undocumented immigrants. The proposed brief further explains the international legal standards establishing the obligations of states to their undocumented residents. Just as the U.S. Supreme Court and other federal courts have valued the opportunity to consider the human rights implications of their decisions, Amici believe that these

materials will provide relevant and helpful context to this Court as it considers the parties' motions pending before the Court.

3.  No party's counsel authored the attached amici curiae brief in whole or in part.  No party or party's counsel, and no person other than Amici Curiae, their members, or their counsel, contributed money intended to fund preparing or submitting the brief.

## <u>LOCAL RULE 7.1(a)(3) CERTIFICATION</u>

Undersigned counsel certifies that amicus counsel has conferred with counsel for Plaintiffs and Defendants.  Plaintiffs' counsel consents to the instant Motion.  Defendants' counsel takes no position on the instant Motion.

**WHEREFORE**, the proposed Amici Curiae respectfully request that this Court grant leave to file the attached brief with appendix amici curiae.

Date: December 6, 2019          Respectfully submitted,

<u>Kevin A. Gregg</u>
KEVIN A. GREGG, ESQ.
Fla. Bar. No.: 121852
kgregg@kktplaw.com

Kurzban Kurzban
Tetzeli and Pratt, P.A.
131 Madeira Ave.
Coral Gables, FL 33134
(305) 444-0060
*Counsel for amici curiae*

Martha F. Davis
Program on Human Rights and the Global Economy
Northeastern University School of Law
416 Huntington Avenue

Boston, MA  02115
(617) 373-8921
(Pro hac vice motion pending)

JoAnn Kamuf Ward
Human Rights Institute
Columbia University Law School
435 West 116th Street
New York, NY  10027
jward@law.columbia.edu\
(Pro hac vice motion pending)

Attorneys for Amici

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 6, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I certify that the foregoing document is being served this day on all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or via certified mail for parties for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>Kevin A. Gregg</u>
KEVIN A. GREGG, ESQ.
Fla. Bar. No.: 121852
<u>kgregg@kktplaw.com</u>

Kurzban Kurzban
Tetzeli and Pratt, P.A.
131 Madeira Ave.
Coral Gables, FL 33134
(305) 444-0060
*Counsel for amici curiae*