**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-22927-BLOOM/Louis**

CITY OF SOUTH MIAMI, et al.,

      Plaintiffs,

v.

RON DESANTIS, et al.,

      Defendants.

_____/

## <u>OMNIBUS ORDER</u>

**THIS CAUSE** is before the Court upon a Motion for Leave to File Brief of *Amici Curiae* in Support of Plaintiffs' Motion for Permanent Injunction and in Opposition to Defendants' Motion to Dismiss, ECF No. [76] ("Motion for Leave to File Brief"), and a Motion to Appear *Pro Hac Vice*, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing, ECF No. [77] ("*Pro Hac Vice* Motion"), both filed on December 6, 2019 (collectively, the "Motions"). The Court has considered the Motions, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are granted.

While the Federal Rules of Appellate Procedure and the Supreme Court Rules provide for the filing of *amicus curiae* briefs, the Federal Rules of Civil Procedure contain no provision regarding the involvement of *amici* at the trial court level. However, the district court possesses the inherent authority to appoint *amici* to assist in a proceeding. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991). "Inasmuch as an *amicus* is not a party and does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus.*"

*News & Sun-Sentinel Co. v. Cox,* 700 F. Supp. 30, 31 (S.D. Fla. 1988) (citations quotations omitted). Therefore, an *amicus* participates only for the benefit of the court. *A.R. v. Dudek*, 2014 WL 12519764, at * 4 (S.D. Fla. Apr. 7, 2014). "Further, acceptance of an *amicus curiae* should be allowed only sparingly, unless the *amicus* has a special interest or unless the Court feels that existing counsel need assistance." *Cox*, 700 F. Supp. at 32.

Upon review, the Court finds that the instant Motion for Leave to File Brief is well-founded. The *amici curiae*, Human Rights Watch ("HRW"), Center for Constitutional Rights ("CCR"), and LatinoJustice PRLDEF ("LatinoJustice") (collectively, "*amici curiae*") have a special interest in the instant action because they advocate for the enforcement of international human rights law in the United States, often within the context of immigration law. Likewise, *amici curiae* are experts on the domestic application and relevance of international human rights law, and they seek to provide the Court with information concerning international human rights treaties to which the United States is a party and the resultant domestic obligations to undocumented immigrants. Thus, due to the nature of the issues in the instant case, and the relevance of the proposed *amici* brief, the Court finds that it will benefit from further briefing from the *amici curiae*.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Leave to File Brief, **ECF No. [76]**, is **GRANTED**. The *amici curiae* may file the brief attached to their Motion **no later than December 12, 2019**.

2. The *Pro Hac Vice* Motion, **ECF No. [77]**, is **GRANTED**. Martha F. Davis and JoAnn Kamuf Ward may appear and participate in this action on behalf of the *amici curiae*. The Clerk of Court shall provide electronic notification of all electronic filings to

Case No. 19-cv-22927-BLOOM/Louis

Martha F. Davis at m.davis@northeastern.edu and JoAnn Kamuf Ward at

jward@law.columbia.edu.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 9, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

3