**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

**CITY OF SOUTH MIAMI**, *et al.*

   *Plaintiffs*,

vs.             CASE NO. 1:19-cv-22927-BB

**RON DESANTIS, IN HIS OFFICIAL
CAPACITY AS GOVERNOR OF THE
STATE OF FLORIDA**, *et al.*

   *Defendants*.

_____/

**DEFENDANT GOVERNOR DESANTIS'S
ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Governor DeSantis (the "Governor") provides his Answer to Plaintiffs' First

Amended Complaint.[1] DE 38.

**I. INTRODUCTION**

1. Admitted that the Florida House and Senate voted to approve Senate Bill 168 ("SB 168"

or the "Act") on May 2, 2019. Otherwise, the allegations in this paragraph are legal conclusions

not subject to denial or admission. To the extent further response is required, denied.

2. The Act speaks for itself. Insofar as this paragraph reflects a legal conclusion, it is not

subject to denial or admission. Otherwise, the Governor lacks information sufficient to form a

belief as to these allegations.

3. Admitted that the Governor signed SB 168 on June 14, 2019. Otherwise denied.

---

[1] Out of an abundance of caution, the Governor answers all allegations in Plaintiffs' First
Amended Complaint, even those that relate only to claims that this Court dismissed. *See* DE 83.

4. The Act speaks for itself. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

5. To the extent this paragraph reflects a legal conclusion, these allegations are not subject to denial or admission. Otherwise denied.

6. To the extent this paragraph reflects a legal conclusion, these allegations are not subject to denial or admission. Otherwise denied.

7. Denied.

8. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

9. Admitted that Plaintiffs bring multiple constitutional challenges to SB 168. Otherwise denied.

10. Admitted that Plaintiffs seek declaratory and injunctive relief. Otherwise denied.

### A. Key Provisions of SB 168

11. Admitted that Plaintiffs bring these challenges, denied that they are entitled to relief.

12. The Act speaks for itself.

13. The Act speaks for itself.

14. The Act speaks for itself.

15. The Act speaks for itself.

16. The Act speaks for itself.

17. The Act speaks for itself.

## II. JURISDICTION AND VENUE

18. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, admitted that Plaintiffs bring claims under federal statutes and the U.S. Constitution, otherwise denied.[2]

19. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

20. Admitted that the Defendants reside in the State of Florida. Defendants have not challenged Plaintiffs' choice of venue. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission.

## III. PARTIES

21. Admitted in so far as this paragraph describes the structure of South Miami's government.

22. Admitted in so far as this paragraph describes the structure of South Miami's government. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission.

23. The Governor notes that U.S. Census data, available at https://www.census.gov/quickfacts/fact/table/southmiamicityflorida/PST045219, indicates that South Miami had an estimated population of 12,219 as of July 1, 2018. Census data indicates that 53.4% of the City identifies as Hispanic or Latino, 13.7% identifies as Black or African American alone, and 5.3% identifies as Asian alone. The fourth sentence is admitted. Otherwise, the Governor lacks information sufficient to form a belief as the allegations in this paragraph.

---

[2] The Governor notes that he has challenged the Court's subject matter jurisdiction over certain claims, and the Court has dismissed certain claims for lack of subject matter jurisdiction. *See* DE 52; DE 83.

24. The Governor lacks information sufficient to form a belief as to these allegations.

25. Admitted that South Miami adopted the Resolution. Otherwise, the Resolution speaks for itself.

26. The Resolution speaks for itself. The Governor lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

27. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

28. To the extent this paragraph describes South Miami's "belie[f]s," the Governor lacks information sufficient to form a belief as to the allegations in this paragraph. To the extent the allegations in this paragraph reflect a legal conclusion, they are not subject to denial or admission. Otherwise denied.

29. To the extent this paragraph describes South Miami's understanding, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph. To the extent this paragraph reflects a legal conclusion, it is not subject to denial or admission. Otherwise denied.

30. To the extent this paragraph describes South Miami's "belie[f]s", the Governor lacks information sufficient to form a belief as to the allegations in this paragraph. To the extent this paragraph reflects a legal conclusion, it is not subject to denial or admission. Otherwise denied.

31. To the extent this paragraph describes South Miami's "belie[f]s," the Governor lacks information sufficient to form a belief as to the allegations in this paragraph. To the extent the allegations in this paragraph reflect a legal conclusion, they are not subject to denial or admission. Otherwise denied.

32. Admitted that Plaintiff Philip K. Stoddard is the Mayor of South Miami. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

33. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

34. To the extent this paragraph reflects legal conclusions, they are not subject to denial or admission. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

35. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

36. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph. To the extent this paragraph describes resolutions and policies, the resolutions and policies speak for themselves and serve as the best evidence of their content.

37. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

38. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

39. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

40. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

41. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

42. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

43. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

44. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

45. To the extent this paragraph reflects a legal conclusion, it is not subject to denial or admission. Denied that there is an amount of "uncertainty surrounding the meaning of SB 168" that would raise constitutional issues. The Governor lacks information sufficient to form a belief as to the other allegations in this paragraph.

46. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

47. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

48. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

49. To the extent this paragraph reflects a legal conclusion, it is not subject to denial or admission. Denied that SB 168 will cause unconstitutional conduct by Florida officers at any level of government. The Governor lacks information sufficient to form a belief as to the other allegations in this paragraph.

50. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

51. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

52. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

53. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

54. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

55. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

56. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

57. To the extent this paragraph characterizes the likely legal effect of SB 168, these allegations are not subject to denial or admission. To the extent a response is required, denied. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

58. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

59. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

60. To the extent this paragraph characterizes the likely legal effect of SB 168, these allegations are not subject to denial or admission. To the extent a response is required, denied. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

61. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

62. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

63. The last clause is admitted. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

64. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

65. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

66. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

67. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

68. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

69. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

70. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

71. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

72. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

73. To the extent this paragraph characterizes the likely legal effect of SB 168, these allegations are not subject to denial or admission. To the extent a response is required, denied. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

74. To the extent this paragraph characterizes the likely legal effect of SB 168, these allegations are not subject to denial or admission. To the extent a response is required, denied. Denied that SB 168 will cause unconstitutional conduct by Florida officers at any level of government. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

75. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

76. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

77. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

78. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

79. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

80. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

81. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

82. To the extent this paragraph describes what QLatinx "anticipates," the Governor lacks information sufficient to form a belief as to the allegations in this paragraph. To the extent the allegations in this paragraph reflect a legal conclusion, they are not subject to denial or admission. Otherwise denied.

83. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

84. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

85. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

86. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

87. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

88. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

89. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

90. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

91. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

92. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

93. To the extent this paragraph describes the likely legal effect of SB 168, this paragraph reflects a legal conclusion not subject to denial or admission. To the extent this paragraph describes the likely practical effect of SB 168, denied. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

94. To the extent this paragraph describes what WeCount "anticipates," the Governor lacks information sufficient to form a belief as to the allegations in this paragraph. Otherwise denied.

95. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

96. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

97. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

98. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

99. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

100. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

101. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

102. To the extent this paragraph reflects legal conclusions, these allegations are not subject to denial or admission. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

103. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

104. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

105. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

106. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

107. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

108. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

109. To the extent this paragraph describes the likely legal effect of SB 168, this paragraph reflects a legal conclusion not subject to denial or admission. To the extent this paragraph describes the likely practical effect of SB 168, denied. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

110. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

111. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

112. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

113. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

114. The Governor lacks information sufficient to form a belief as to what AI Justice "expects."

115. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

116. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

117. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

118. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

119. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

120. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

121. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

122. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

123. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

124. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

125. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

126. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

127. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

128. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

129. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

130. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

131. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

132. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

133. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

134. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

135. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

136. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

137. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

A. Defendants

138. Admitted that Ron DeSantis is the Governor of Florida. Otherwise, the Florida Constitution speaks for itself.

139. The Act speaks for itself.

140. The Act speaks for itself.

141. The Florida Constitution speaks for itself.

142. The Florida Constitution speaks for itself.

143. Admitted that SB 168 confers enforcement authority on the Governor. The Governor refers to the text of SB 168 for a more complete understanding of its contents. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission.

144. Admitted.

145. Admitted that Ashley Moody is the Attorney General of Florida. Otherwise, the Florida Constitution speaks for itself.

146. The cited Florida statute speaks for itself. Otherwise, this paragraph reflects a legal conclusion not subject to denial or admission.

147. The Act speaks for itself.

148. Admitted that SB 168 confers enforcement authority on the Attorney General. The Governor refers to the text of SB 168 for a more complete understanding of its contents. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission.

149. Admitted.

## IV. FACTS

Heading IV.A: This heading, which is not numbered as a paragraph, contains allegations. Insofar as the allegations in this heading reflect a legal conclusion, they are not subject to denial or admission. Otherwise denied.

150. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

151. The staff analysis, including the citations therein, speaks for itself. The Governor refers to the documents described in this paragraph for a more complete understanding of their contents. Insofar as this paragraph reflects a legal conclusion, it is not subject to denial or admission. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

152. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph, except that this paragraph appears to accurately describe the contents of the Southern Poverty Law Center's website. The Southern Poverty Law Center represents the Plaintiffs in this case.

153. The Governor refers to the documents described in this paragraph for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

154. The Governor refers to the documents described in this paragraph for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

155. The Governor refers to the documents described in this paragraph for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.[3]

156. The Governor refers to the documents described in this paragraph for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

157. Admitted that Senator Gruters filed SB 168 and Senator Bean filed SB 170. The Governor refers to the documents described in this paragraph for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

158. The staff analysis, including the citations therein, speaks for itself. The Governor refers to the documents described in this paragraph for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

---

[3] To the extent Plaintiffs' allegations describe documents that are attached to their First Amended Complaint, the Governor refers to those documents for a more complete understanding of their contents.

159. The Governor refers to the video described in this paragraph for a more complete understanding of its contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

160. The Governor refers to the documents described in this paragraph for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

161. Admitted that a press conference took place on that date. The Governor refers to the documents and/or videos described in this paragraph for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

162. To the extent this paragraph reflects legal conclusions, these allegations are not subject to denial or admission. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

This subheading is not numbered as a paragraph. To the extent this subheading contains an allegation, denied.

163. To the extent this paragraph reflects legal conclusions, these allegations are not subject to denial or admission. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

164. To the extent this paragraph characterizes documents and/or videos cited earlier in the First Amended Complaint, the Governor refers to those sources for a more complete understanding of their contents. To the extent this paragraph reflects legal conclusions, these allegations are not subject to denial or admission. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

165. Admitted that the Governor spoke at the bill signing ceremony in Sarasota on May 17, 2019. Denied that the selective quotation of the Governor's speech accurately conveys its substance.

166. The Governor refers to the documents described in this paragraph for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

167. The Governor refers to the video described in this paragraph for a more complete understanding of its contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

168. The Governor refers to the video described in this paragraph for a more complete understanding of its contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

169. The Governor refers to the video described in this paragraph for a more complete understanding of its contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

170. The Governor refers to the video described in this paragraph for a more complete understanding of its contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

171. The Governor notes that Wengay Newton is a State Representative, not a State Senator. The Governor refers to the video described in this paragraph for a more complete understanding of its contents. To the extent this paragraph reflects a legal conclusion, it is not subject to denial or admission. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

Heading IV.B: This heading, which is not numbered as a paragraph, contains allegations. To the extent this heading describes the likely legal effect of SB 168, it reflects a legal conclusion not subject to denial or admission. Otherwise denied.

172. The Act speaks for itself. To the extent this paragraph describes the likely legal effect of SB 168, this paragraph reflects a legal conclusion not subject to denial or admission. Otherwise denied.

173. The Governor refers to the cited documents for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

174. The Governor refers to the cited documents for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

175. The cited case speaks for itself. To the extent this paragraph describes the likely legal effect of SB 168, this paragraph reflects a legal conclusion not subject to denial or admission. To the extent this paragraph describes the likely practical effect of SB 168, denied.

176. The Governor refers to the cited documents for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

177. The Governor refers to the cited documents for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

178. Denied.

Heading IV.C: This heading, which is not numbered as a paragraph, contains allegations. These allegations reflect legal conclusions not subject to denial or admission. Otherwise denied.

179. This paragraph reflects legal conclusions not subject to denial or admission. Denied that SB 168 is preempted.

180. The U.S. Constitution, and the U.S. Supreme Court's decision interpreting it, speak for themselves.

181. *Arizona v. United States,* 567 U.S. 387 (2012), speaks for itself.

182. The Immigration and Nationality Act (the "INA") speaks for itself.

183. The INA and any other federal statutes referenced in *Arizona* speak for themselves.

184. This paragraph reflects a legal conclusion not subject to denial or admission.[4]

185. The cited cases and the INA speak for themselves.

186. *Arizona v. United States*, and the statutes it discusses, speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

187. The referenced statute speaks for itself.

188. The referenced statute speaks for itself. To the extent this paragraph reflects legal conclusions, the conclusions are not subject to denial or admission

189. Immigrations and Customs Enforcement ("ICE") maintains a list of 287(g) Agreements on its website. The Governor refers to that list for a more complete understanding of which counties in Florida have such agreements and when they were executed. *See*

---

[4] The Governor further notes that while "presence inside the United States without federal immigration status is not a criminal offense," *see* DE 38, ¶ 184, *illegal entry* is a federal crime. *See* 8 U.S.C. § 1325.

https://www.ice.gov/287g. To the extent this paragraph characterizes 8 U.S.C. § 1357(g)(10), the statute speaks for itself.

190. The referenced statute and regulation speak for themselves. Admitted that no such authorization has been issued during the DeSantis Administration.

191. The referenced statute speaks for itself.

192. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

### D. "Immigration Detainer Request" System

193. Admitted.

194. Admitted that this usually occurs.

195. Admitted.

196. To the extent this paragraph reflects legal conclusions, these allegations are not subject to denial or admission. Denied that an immigration detainer, which is accompanied with an administrative warrant, is not a "basis to hold [a] person under state law." Admitted that immigration detainers request a state or local law enforcement agency to hold a person up to 48 hours on probable cause of removability. For a more complete understanding of the detainer form, the Governor refers to the exhibits that accompanied his Opposition to Plaintiffs' Motion for a Preliminary Injunction. *See* DE 19.

197. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

198. Admitted that the detainer request is made through a form that ICE fills out and sends to the local law enforcement agency. For a more complete understanding of the detainer form, the

Governor refers to the exhibits that accompanied his Opposition to Plaintiffs' Motion for a Preliminary Injunction. *See* DE 19.

199. Admitted that the INA contemplates the use of administrative warrants, not judicial warrants, in the vast majority of immigration cases. Admitted that ICE's detainer practices are consistent with this principle.

200. The referenced form speaks for itself. For a more complete understanding of the detainer form, the Governor refers to the exhibits that accompanied his Opposition to Plaintiffs' Motion for a Preliminary Injunction. *See* DE 19. Otherwise, this paragraph sets forth legal conclusions not subject to denial or admission.

201. The referenced form speaks for itself. For a more complete understanding of the detainer form, the Governor refers to the exhibits that accompanied his Opposition to Plaintiffs' Motion for a Preliminary Injunction. *See* DE 19. The referenced statutes and case law speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission.

202. Admitted that ICE sometimes uses database information to make probable cause determinations, just like other law enforcement agencies. Denied that these databases are "unreliable." Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

203. The Governor refers to the cited documents for a more complete understanding of their contents. Otherwise, the Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

204. To the extent this paragraph characterizes case law, the cases speak for themselves. To the extent this paragraph reflects legal conclusions, these allegations are not subject to denial or admission. To the extent further response is required, denied.

Heading IV.E: This heading, which is not numbered as a paragraph, contains allegations. These allegations are denied.

205. The cited case and the INA speak for themselves. Denied that an individual's status is "fluid." Admitted that an individual's immigration status can change. Denied that ICE cannot reliably determine whether a person is legally subject to removal at a given time.

206. Admitted that an individual's immigration status can change. To the extent this paragraph reflects legal conclusions, these allegations are not subject to denial or admission. Denied that ICE cannot reliably determine whether a person is legally subject to removal at a given time.

207. Admitted that the federal government makes the ultimate determination about whether a person subject to removal is actually removed. Otherwise denied.

208. Admitted that an individual's immigration status can change. Denied that immigration status is "fluid[]." Otherwise, this paragraph reflects legal conclusions not subject to denial or admission.

## V. SB 168'S REGULATION OF FEDERAL IMMIGRATION ENFORCEMENT[5]

209. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

210. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

211. The Act speaks for itself. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

---

[5] To the extent this Answer quotes Plaintiffs' headings, this is to assist the Court's review and does not constitute an admission.

212. The Act, the INA, and case law speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

213. The Act, the INA, and case law speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

214. The Act speaks for itself. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

215. The Act speaks for itself. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

216. The Act speaks for itself. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

This subheading, which is not numbered as a paragraph, contains allegations. These allegations are legal conclusions that are not subject to denial or admission.

217. The Act speaks for itself.

218. ICE maintains a list of 287(g) Agreements on its website. The Governor refers to that list for a more complete understanding of which counties in Florida have such agreements and when they were executed. *See* https://www.ice.gov/287g. The Act and 8 U.S.C. § 1357(g)(10) speak for themselves. Otherwise denied.

219. The Act and 8 U.S.C. § 1357(g)(10) speak for themselves. The Governor further notes that the specific type of agreement often referred to as a "287(g) Agreement" is not the only type of agreement authorized by Section 1357(g)(10). For example, ICE relies on this provision of the INA as authority for Basic Ordering Agreements.

220. The Act and the INA speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

221. Admitted that as of January 24, 2019, twenty-nine (29) Florida counties had entered into Basic Ordering Agreements ("BOA"), which provided for reimbursement to local law enforcement.

222. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

This subheading is not numbered as a paragraph. To the extent this subheading contains an allegation, denied.

223. The last sentence is admitted insofar as it states that actual attempts by States to interfere with foreign relations could negatively impact the federal government. Otherwise denied.

224. The Act and the other cited documents speak for themselves. Otherwise denied.

225. The cited documents speak for themselves. Otherwise denied.

226. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

## VI. SB 168'S VAGUE PROVISIONS[6]

227. The Act speaks for itself.

228. The Act speaks for itself.

229. The Act speaks for itself.

230. The cited case speaks for itself. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

231. Denied.

---

[6] The Governor expressly denies that any provision of SB 168 is "vague."

232. Denied that SB 168 is unclear or difficult to interpret. The cited cases speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

## VII. DECLARATORY AND INJUNCTIVE RELIEF

233. This paragraph reflects legal conclusions not subject to denial or admission. Admitted that Plaintiffs bring a constitutional challenge. The Governor further notes that he has contested Plaintiffs' ability to establish standing and irreparable harm as to certain claims. *See* DE 19.

234. Admitted that SB 168 confers enforcement authority on the Defendants. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission.

235. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

236. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

237. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

238. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

239. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

240. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

241. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

242. The Governor lacks information sufficient to form a belief as to the allegations in this paragraph.

243. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

244. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

## VIII. CAUSES OF ACTION

### COUNT I

Heading: This heading reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

245. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

246. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

247. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

248. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

249. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

250. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

251. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

252. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

253. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

254. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

255. The U.S. Constitution speaks for itself.

256. The INA and *Arizona v. United States* speak for themselves. The remaining allegation is a legal conclusion not subject to denial or admission.

257. The INA speaks for itself. To the extent this paragraph reflects a legal conclusion about what "fields" Congress has occupied for purposes of analyzing Plaintiffs' preemption claims, these legal conclusions are not subject to denial or admission. To the extent a response is required, denied.

258. *Arizona v. United States*, and the statutes it discusses, speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

259. The Act speaks for itself. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

260. The Act speaks for itself. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

261. The Act speaks for itself. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

262. The Act speaks for itself. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

263. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

264. This paragraph reflects legal conclusions not subject to denial or admission. Denied that detention pursuant to a detainer accompanied by an administrative warrant constitutes a "warrantless arrest." To the extent further response is required, denied.

265. This paragraph reflects legal conclusions not subject to denial or admission. Denied that detention pursuant to a detainer accompanied by an administrative warrant constitutes a "warrantless arrest." To the extent further response is required, denied.

266. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

267. Admitted that Plaintiffs seek relief under the U.S. Constitution and 42 U.S.C. § 1983. Denied that they are entitled to relief.

## COUNT II

Heading: This heading reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

268. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

269. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

270. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

271. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

272. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

273. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

274. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

275. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

276. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

277. The U.S. Constitution speaks for itself.

278. The INA and *Arizona* speak for themselves.

279. The INA speaks for itself. To the extent this paragraph reflects a legal conclusion about what "fields" Congress has occupied for purposes of analyzing Plaintiffs' preemption claims, these legal conclusions are not subject to denial or admission. To the extent a response is required, denied.

280. The cited statute speaks for itself.

281. The Act speaks for itself.

282. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

283. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

284. Admitted that Plaintiffs seek relief under the U.S. Constitution and 42 U.S.C. § 1983. Denied that they are entitled to relief.

<strong>COUNT III</strong>

Heading: This heading reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

285. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

286. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

287. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

288. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

289. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

290. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

291. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

292. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

293. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

294. The U.S. Constitution speaks for itself.

295. The INA and *Arizona v. United States* speak for themselves.

296. The Act speaks for itself.

297. This statute speaks for itself.

298. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

299. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

300. Admitted that Plaintiffs seek relief under the U.S. Constitution and 42 U.S.C. § 1983. Denied that they are entitled to relief.

## COUNT IV

Heading: This heading reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

301. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

302. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

303. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

33

304. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

305. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

306. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

307. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

308. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

309. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

310. The U.S. Constitution speaks for itself.

311. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

312. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

313. The provisions of the Act conferring enforcement authority on the Governor and the Attorney General speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

314. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

315. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

316. Admitted that Plaintiffs seek relief under the U.S. Constitution and 42 U.S.C. § 1983. Denied that they are entitled to relief.

**COUNT V**

Heading: This heading reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

317. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

318. The U.S. Constitution speaks for itself.

319. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

320. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

321. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

322. Denied that SB 168 is vague or difficult to interpret. The Governor lacks information sufficient to form a belief as to what "the City of South Miami" is able "to determine." Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

323. The provisions of the Act conferring enforcement authority on the Governor and the Attorney General speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

324. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

325. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

326. The provisions of the Act conferring enforcement authority on the Governor and Attorney General speak for themselves. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

327. Admitted that Plaintiffs seek relief under the U.S. Constitution and 42 U.S.C. § 1983. Denied that they are entitled to relief.

**COUNT VI**

Heading: This heading reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

328. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

329. The U.S. Constitutions speaks for itself.

330. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

331. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

332. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

333. Denied that SB 168 is vague or difficult to interpret. The Governor lacks information sufficient to form a belief as to what Mayor Stoddard is able "to determine." Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

334. The provisions of the Act conferring enforcement authority on the Governor speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

335. Denied that SB 168 is vague or difficult to interpret. The provisions of the Act conferring enforcement authority on the Governor and Attorney General speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

336. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

337. Denied that SB 168 is vague or difficult to interpret. The legal conclusions in this paragraph are not subject to denial or admission. To the extent a response is required, they are denied. The Governor lacks information sufficient to form a belief as to the remaining factual allegations.

338. The provisions of the Act conferring enforcement authority on the Governor and Attorney General speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

339. Admitted that Plaintiff Stoddard seeks relief under the U.S. Constitution and 42 U.S.C. § 1983. Denied that he is entitled to relief.

## COUNT VII

Heading: This heading reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

340. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

341. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

342. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

343. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

344. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

345. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

346. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

347. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

348. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations

349. The Act speaks for itself.

350. The U.S. Constitution speaks for itself.

351. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

352. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

353. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

354. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

355. The provisions of the Act conferring enforcement authority on the Governor and the Attorney General speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

356. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

357. Admitted that Plaintiffs seek relief under the U.S. Constitution and 42 U.S.C. § 1983. Denied that they are entitled to relief.

**COUNT VIII**

Heading: This heading reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

358. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

359. The Act speaks for itself.

360. The U.S. Constitution speaks for itself.

361. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

362. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

363. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

364. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

365. The provisions of the Act conferring enforcement authority on the Governor and the Attorney General speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

366. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

367. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

368. Denied that SB 168 is vague or difficult to interpret. The Governor lacks information sufficient to form a belief as to the City of South Miami's internal governance processes. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

369. Denied that SB 168 is vague or difficult to interpret. The provisions of the Act conferring enforcement authority on the Governor and the Attorney General speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

370. Admitted that Plaintiffs seek relief under the U.S. Constitution and 42 U.S.C. § 1983. Denied that they are entitled to relief.

## COUNT IX

Heading: This heading reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

371. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

372. The Act speaks for itself.

373. The U.S. Constitution speaks for itself.

374. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

375. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

376. The Act speaks for itself.

377. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

378. The provisions of the Act conferring enforcement authority on the Governor speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

379. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

380. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

381. Denied that SB 168 is vague or difficult to interpret. The Governor lacks information sufficient to form a belief as to Mayor Stoddard's internal governance processes. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

382. Denied that SB 168 is vague or difficult to interpret. The provisions of the Act conferring enforcement authority on the Governor and the Attorney General speak for themselves. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

383. Admitted that Plaintiff Stoddard seeks relief under the U.S. Constitution and 42 U.S.C. § 1983. Denied that he is entitled to relief.

**COUNT X**

Heading: This heading reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

384. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

385. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

386. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

387. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

388. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

389. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

390. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

391. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

392. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

393. The Act speaks for itself.

394. The U.S. Constitution speaks for itself.

395. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

396. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

397. Denied that SB 168 is vague or difficult to interpret. Otherwise, this paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

398. The first sentence is a legal conclusion not subject to denial or admission. To the extent further response is required, denied. The second sentence is denied.

399. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

400. Admitted that Plaintiffs seek relief under the U.S. Constitution and 42 U.S.C. § 1983. Denied that they are entitled to relief.

### COUNT XI

Heading: This heading reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

401. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

402. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

403. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

404. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

405. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

406. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

407. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

408. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

409. This paragraph incorporates previous allegations. The Governor incorporates his responses to those allegations.

410. The U.S. Constitution speaks for itself.

411. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

412. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

413. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

414. Denied.

415. This paragraph reflects legal conclusions not subject to denial or admission. To the extent further response is required, denied.

416. Admitted that Plaintiffs seek relief under the U.S. Constitution and 42 U.S.C. § 1983. Denied that they are entitled to relief.

### IX. PRAYER FOR RELIEF

a. This paragraph reflects a legal conclusion not subject to denial or admission. The Governor notes that he has challenged the Court's subject matter jurisdiction over certain claims, and the Court has dismissed certain claims for lack of subject matter jurisdiction. *See* DE 52; DE 83.

b. The Governor admits that Plaintiffs seek this relief, but denies that they are entitled to it.

c. The Governor admits that Plaintiffs seek this relief, but denies that they are entitled to it.

d. The Governor admits that Plaintiffs seek this relief, but denies that they are entitled to it.

e. The Governor admits that Plaintiffs seek this relief, but denies that they are entitled to it.

f. The Governor admits that Plaintiffs seek this relief, but denies that they are entitled to it.

g. The Governor admits that Plaintiffs seek this relief, but denies that they are entitled to it.

* * *

To the extent any allegation in the First Amended Complaint is not addressed above, those allegations are denied.

### GOVERNOR'S FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### GOVERNOR'S SECOND DEFENSE

Plaintiffs lack standing.

### GOVERNOR'S THIRD DEFENSE

Plaintiffs have not established the prerequisites for injunctive relief.

## GOVERNOR'S FOURTH DEFENSE

Plaintiffs have not shown entitlement to any attorneys' fees or costs.

## GOVERNOR'S FIFTH DEFENSE

To the extent the Court finds any provision of SB 168 unconstitutional, the remainder of

the statute is severable.

Respectfully submitted this 9th of January, 2020.

**RON DESANTIS**
**GOVERNOR**

*Joe Jacquot* (FBN 189715)
GENERAL COUNSEL

*/s/ Colleen M. Ernst*
*Colleen M. Ernst* (FBN 0112903)
DEPUTY GENERAL COUNSEL

*/s/ James H. Percival*
*James H. Percival* (FBN 1016188)
DEPUTY SOLICITOR GENERAL

Office of the General Counsel
The Capitol, Suite 203
Tallahassee, Florida 32399-1050
(850) 717-9310
Colleen.ernst@eog.myflorida.com

*Counsel for Governor Ron DeSantis*

49

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court's

CM/ECF system, which provides notice to all parties, on this 9th day of January, 2020.


/s/ *James H. Percival*
James H. Percival
DEPUTY SOLICITOR GENERAL