Florida Senate – 2019                                    SB 168

By Senator Gruters

EXHIBIT

A

23-00406A-19                                          2019168__

```
 1                   A bill to be entitled
 2         An act relating to federal immigration enforcement;
 3         providing a short title; creating chapter 908, F.S.,
 4         relating to federal immigration enforcement; providing
 5         legislative findings and intent; providing
 6         definitions; prohibiting sanctuary policies; requiring
 7         state entities, local governmental entities, and law
 8         enforcement agencies to comply with and support the
 9         enforcement of federal immigration law; prohibiting
10         restrictions by such entities and agencies on taking
11         certain actions with respect to information regarding
12         a person's immigration status; providing requirements
13         concerning certain criminal defendants subject to
14         immigration detainers or otherwise subject to transfer
15         to federal custody; authorizing a law enforcement
16         agency to transport an alien unlawfully present in the
17         United States under certain circumstances; providing
18         an exception to reporting requirements for crime
19         victims or witnesses; requiring recordkeeping relating
20         to crime victim and witness cooperation in certain
21         investigations; specifying duties concerning certain
22         arrested persons; specifying duties concerning
23         immigration detainers; authorizing a board of county
24         commissioners to adopt an ordinance to recover costs
25         for complying with an immigration detainer;
26         authorizing local governmental entities and law
27         enforcement agencies to petition the Federal
28         Government for reimbursement of certain costs;
29         requiring reports of violations; providing penalties
```

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

Defendants' Exhibit A-001

Florida Senate – 2019                                              SB 168

23-00406A-19                                                    2019168__

30      for failure to report violations; providing whistle-
31      blower protections for persons who report violations;
32      requiring the Attorney General to prescribe and
33      provide the format for submitting complaints;
34      providing requirements for entities to comply with
35      document requests from state attorneys concerning
36      violations; providing for investigation of possible
37      violations; providing for injunctive relief and civil
38      penalties; providing for venue; requiring written
39      findings; prohibiting the expenditure of public funds
40      for specified purposes; providing a civil cause of
41      action for personal injury or wrongful death
42      attributed to a sanctuary policy; providing that a
43      trial by jury is a matter of right; requiring written
44      findings; providing for ineligibility to receive
45      certain funding for a specified period of time;
46      providing for applicability to certain education
47      records; prohibiting discrimination on specified
48      grounds; providing for implementation; requiring
49      repeal of existing sanctuary policies within a
50      specified period; providing effective dates.
51
52 Be It Enacted by the Legislature of the State of Florida:
53
54      Section 1. Short title.—This act may be cited as the "Rule
55 of Law Adherence Act."
56      Section 2. Chapter 908, Florida Statutes, consisting of
57 sections 908.101-908.402, is created to read:
58                    CHAPTER 908

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

**Defendants' Exhibit A-002**

**Florida Senate** – 2019                                                        **SB 168**

23-00406A-19                                                          2019168__

59          FEDERAL IMMIGRATION ENFORCEMENT
60                    PART I
61          FINDINGS AND INTENT AND DEFINITIONS
62      908.101 Legislative findings and intent.—The Legislature
63  finds that it is an important state interest that state and
64  local governmental entities and their officials have an
65  affirmative duty to all citizens and other persons lawfully
66  present in the United States to assist the Federal Government in
67  the enforcement of federal immigration laws within this state,
68  including their compliance with federal immigration detainers.
69  The Legislature further finds that it is an important state
70  interest that, in the interest of public safety and adherence to
71  federal law, this state support federal immigration enforcement
72  efforts and ensure that such efforts are not impeded or thwarted
73  by state or local laws, policies, practices, procedures, or
74  customs. State and local governmental entities and their
75  officials who encourage persons unlawfully present in the United
76  States to locate within this state or who shield such persons
77  from personal responsibility for their unlawful actions breach
78  this duty and should be held accountable.
79      908.102 Definitions.—As used in this chapter, the term:
80      (1) "Federal immigration agency" means the United States
81  Department of Justice and the United States Department of
82  Homeland Security, a division within such an agency, including
83  United States Immigration and Customs Enforcement and United
84  States Customs and Border Protection, any successor agency, and
85  any other federal agency charged with the enforcement of
86  immigration law. The term includes an official or employee of
87  such an agency.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

**Defendants' Exhibit A-003**

Florida Senate - 2019                                          SB 168

23-00406A-19                                                   2019168__

88      (2) "Immigration detainer" means a facially sufficient
89  written or electronic request issued by a federal immigration
90  agency using that agency's official form to request that another
91  law enforcement agency detain a person based on probable cause
92  to believe that the person to be detained is a removable alien
93  under federal immigration law, including detainers issued
94  pursuant to 8 U.S.C. ss. 1226 and 1357. For purposes of this
95  subsection, an immigration detainer is deemed facially
96  sufficient if:
97      (a) The federal immigration agency's official form is
98  complete and indicates on its face that the federal immigration
99  official has probable cause to believe that the person to be
100 detained is a removable alien under federal immigration law; or
101     (b) The federal immigration agency's official form is
102 incomplete and fails to indicate on its face that the federal
103 immigration official has probable cause to believe that the
104 person to be detained is a removable alien under federal
105 immigration law, but is supported by an affidavit, order, or
106 other official documentation that indicates that the federal
107 immigration agency has probable cause to believe that the person
108 to be detained is a removable alien under federal immigration
109 law.
110     (3) "Inmate" means a person in the custody of a law
111 enforcement agency.
112     (4) "Law enforcement agency" means an agency in this state
113 charged with enforcement of state, county, municipal, or federal
114 laws or with managing custody of detained persons in the state
115 and includes municipal police departments, sheriff's offices,
116 state police departments, state university and college police

CODING: Words stricken are deletions; words underlined are additions.

**Defendants' Exhibit A-004**

23-00406A-19 2019168__

117 departments, and the Department of Corrections. The term

118 includes an official or employee of such an agency.

119     (5) "Local governmental entity" means any county,

120 municipality, or other political subdivision of this state. The

121 term includes a person holding public office or having official

122 duties as a representative, agent, or employee of such entity.

123     (6) "Sanctuary policy" means a law, policy, practice,

124 procedure, or custom adopted or permitted by a state entity,

125 local governmental entity, or law enforcement agency which

126 contravenes 8 U.S.C. s. 1373(a) or (b) or which knowingly

127 prohibits or impedes a law enforcement agency from communicating

128 or cooperating with a federal immigration agency with respect to

129 federal immigration enforcement, including, but not limited to,

130 limiting a state entity, local governmental entity, or law

131 enforcement agency in, or prohibiting such an entity or agency

132 from:

133     (a) Complying with an immigration detainer;

134     (b) Complying with a request from a federal immigration

135 agency to notify the agency before the release of an inmate or

136 detainee in the custody of the state entity, local governmental

137 entity, or law enforcement agency;

138     (c) Providing a federal immigration agency access to an

139 inmate for interview;

140     (d) Initiating an immigration status investigation; or

141     (e) Providing a federal immigration agency with an inmate's

142 incarceration status or release date.

143     (7) "Sanctuary policymaker" means a state or local elected

144 official, or an appointed official of the governing body of a

145 local governmental entity, who has voted for, allowed to be

CODING: Words stricken are deletions; words underlined are additions.

**Defendants' Exhibit A-005**

23-00406A-19                                                         2019168__

146  implemented, or voted against repeal or prohibition of a
147  sanctuary policy.
148       (8) "State entity" means the state or any office, board,
149  bureau, commission, department, branch, division, or institution
150  thereof, including institutions within the State University
151  System and the Florida College System. The term includes a
152  person holding public office or having official duties as a
153  representative, agent, or employee of such entity.
154                              PART II
155                               DUTIES
156       908.201 Sanctuary policies prohibited.—A state entity, law
157  enforcement agency, or local governmental entity may not adopt
158  or have in effect a sanctuary policy.
159       908.202 Cooperation with federal immigration authorities.—
160       (1) A state entity, local governmental entity, or law
161  enforcement agency shall fully comply with and, to the full
162  extent permitted by law, support the enforcement of federal
163  immigration law. This subsection applies to an official,
164  representative, agent, or employee of such entity or agency only
165  when he or she is acting within the scope of his or her official
166  duties or within the scope of his or her employment.
167       (2) Except as otherwise expressly prohibited by federal
168  law, a state entity, local governmental entity, or law
169  enforcement agency may not prohibit or in any way restrict
170  another state entity, local governmental entity, or law
171  enforcement agency from taking any of the following actions with
172  respect to information regarding a person's immigration status:
173       (a) Sending such information to or requesting, receiving,
174  or reviewing such information from a federal immigration agency

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

**Defendants' Exhibit A-006**

23-00406A-19                                                      2019168__
175  for purposes of this chapter.
176       (b) Recording and maintaining such information for purposes
177  of this chapter.
178       (c) Exchanging such information with a federal immigration
179  agency or another state entity, local governmental entity, or
180  law enforcement agency for purposes of this chapter.
181       (d) Using such information to determine eligibility for a
182  public benefit, service, or license pursuant to federal or state
183  law or an ordinance or regulation of a local governmental
184  entity.
185       (e) Using such information to verify a claim of residence
186  or domicile if a determination of residence or domicile is
187  required under federal or state law, an ordinance or regulation
188  of a local governmental entity, or a judicial order issued
189  pursuant to a civil or criminal proceeding in this state.
190       (f) Using such information to comply with an immigration
191  detainer.
192       (g) Using such information to confirm the identity of a
193  person who is detained by a law enforcement agency.
194       (3)(a) For purposes of this subsection the term "applicable
195  criminal case" means a criminal case in which:
196       1. The judgment requires the defendant to be confined in a
197  secure correctional facility; and
198       2. The judge:
199       a. Indicates in the record under s. 908.204 that the
200  defendant is subject to an immigration detainer; or
201       b. Otherwise indicates in the record that the defendant is
202  subject to a transfer into federal custody.
203       (b) In an applicable criminal case, at the time of

CODING: Words stricken are deletions; words underlined are additions.

**Defendants' Exhibit A-007**

23-00406A-19                                              2019168__

204 pronouncement of a sentence of confinement, the judge shall
205 issue an order requiring the secure correctional facility in
206 which the defendant is to be confined to reduce the defendant's
207 sentence by a period of not more than 7 days on the facility's
208 determination that the reduction in sentence will facilitate the
209 seamless transfer of the defendant into federal custody. For
210 purposes of this paragraph, the term "secure correctional
211 facility" means a state correctional institution as defined in
212 s. 944.02 or a county detention facility or a municipal
213 detention facility as defined in s. 951.23.
214      (c) If the information specified in sub-subparagraph
215 (a)2.a. or sub-subparagraph (a)2.b. is not available at the time
216 the sentence is pronounced in the case, the judge shall issue
217 the order described by paragraph (b) as soon as the information
218 becomes available.
219      (4) Notwithstanding any other provision of law, if a law
220 enforcement agency has received verification from a federal
221 immigration agency that an alien in the law enforcement agency's
222 custody is unlawfully present in the United States, the law
223 enforcement agency may securely transport such alien to a
224 federal facility in this state or to another point of transfer
225 to federal custody outside the jurisdiction of the law
226 enforcement agency. A law enforcement agency shall obtain
227 judicial authorization before securely transporting such alien
228 to a point of transfer outside of this state.
229      (5) This section does not require a state entity, local
230 governmental entity, or law enforcement agency to provide a
231 federal immigration agency with information related to a victim
232 of or a witness to a criminal offense if such victim or witness

CODING: Words stricken are deletions; words underlined are additions.

**Defendants' Exhibit A-008**

23-00406A-19                                                      2019168__

233    timely and in good faith responds to the entity's or agency's

234    request for information and cooperation in the investigation or

235    prosecution of such offense.

236        (6) A state entity, local governmental entity, or law

237    enforcement agency that, pursuant to subsection (5), withholds

238    information regarding the immigration information of a victim of

239    or witness to a criminal offense shall document such victim's or

240    witness's cooperation in the entity's or agency's investigative

241    records related to the offense and shall retain such records for

242    at least 10 years for the purpose of audit, verification, or

243    inspection by the Auditor General.

244        908.203 Duties related to certain arrested persons.—

245        (1) If a person is arrested and is unable to provide proof

246    of his or her lawful presence in the United States, not later

247    than 48 hours after the person is arrested, and before the

248    person is released on bond, a law enforcement agency performing

249    the booking process:

250        (a) Shall review any information available from a federal

251    immigration agency.

252        (b) If information obtained under paragraph (a) reveals

253    that the person is not a citizen of the United States and is

254    unlawfully present in the United States according to the terms

255    of the federal Immigration and Nationality Act, 8 U.S.C. ss.

256    1101 et seq., must:

257        1. Provide immediate notice of the person's arrest and

258    charges to a federal immigration agency.

259        2. Provide notice of that fact to the judge authorized to

260    grant or deny the person's release on bail under chapter 903.

261        3. Record the person's arrest and charges in the person's

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

**Defendants' Exhibit A-009**

Florida Senate - 2019                                                    SB 168

23-00406A-19                                                          2019168__
262  case file.
263      (2) A law enforcement agency is not required to perform the
264  duty imposed by subsection (1) with respect to a person who is
265  transferred to the custody of the agency by another law
266  enforcement agency if the transferring agency performed that
267  duty before the transfer.
268      (3) A judge who receives notice of a person's immigration
269  status under this section shall ensure that such status is
270  recorded in the court record.
271      908.204 Duties related to immigration detainers.—
272      (1) A law enforcement agency that has custody of a person
273  subject to an immigration detainer issued by a federal
274  immigration agency shall:
275      (a) Provide to the judge authorized to grant or deny the
276  person's release on bail under chapter 903 notice that the
277  person is subject to an immigration detainer.
278      (b) Record in the person's case file that the person is
279  subject to an immigration detainer.
280      (c) Comply with, honor, and fulfill the requests made in
281  the immigration detainer.
282      (2) A law enforcement agency is not required to perform a
283  duty imposed by paragraph (1)(a) or paragraph (1)(b) with
284  respect to a person who is transferred to the custody of the
285  agency by another law enforcement agency if the transferring
286  agency performed that duty before the transfer.
287      (3) A judge who receives notice that a person is subject to
288  an immigration detainer shall ensure that such fact is recorded
289  in the court record, regardless of whether the notice is
290  received before or after a judgment in the case.

CODING: Words stricken are deletions; words underlined are additions.

Defendants' Exhibit A-010

23-00406A-19                                                          2019168__

291        908.205 Reimbursement of costs.—
292        (1) A board of county commissioners may adopt an ordinance
293   requiring a person detained pursuant to an immigration detainer
294   to reimburse the county for any expenses incurred in detaining
295   the person pursuant to the immigration detainer. A person
296   detained pursuant to an immigration detainer is not liable under
297   this section if a federal immigration agency determines that the
298   immigration detainer was improperly issued.
299        (2) A local governmental entity or law enforcement agency
300   may petition the Federal Government for reimbursement of the
301   entity's or agency's detention costs and the costs of compliance
302   with federal requests when such costs are incurred in support of
303   the enforcement of federal immigration law.
304        908.206 Duty to report.—
305        (1) An official, representative, agent, or employee of a
306   state entity, local governmental entity, or law enforcement
307   agency shall promptly report a known or probable violation of
308   this chapter to the Attorney General or the state attorney
309   having jurisdiction over the entity or agency.
310        (2) An official, representative, agent, or employee of a
311   state entity, local governmental entity, or law enforcement
312   agency who willfully and knowingly fails to report a known or
313   probable violation of this chapter may be suspended or removed
314   from office pursuant to general law and s. 7, Art. IV of the
315   State Constitution.
316        (3) A state entity, local governmental entity, or law
317   enforcement agency may not dismiss, discipline, take any adverse
318   personnel action as defined in s. 112.3187(3) against, or take
319   any adverse action described in s. 112.3187(4)(b) against, an

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

**Defendants' Exhibit A-011**

23-00406A-19                                              2019168__
320  official, representative, agent, or employee for complying with
321  subsection (1).
322      (4) Section 112.3187 of the Whistle-blower's Act applies to
323  an official, representative, agent, or employee of a state
324  entity, local governmental entity, or law enforcement agency who
325  is dismissed, disciplined, subject to any adverse personnel
326  action as defined in s. 112.3187(3) or any adverse action
327  described in s. 112.3187(4)(b), or denied employment because he
328  or she complied with subsection (1).
329      908.207 Implementation.—This chapter shall be implemented
330  to the fullest extent permitted by federal law regulating
331  immigration and the legislative findings and intent declared in
332  s. 908.101.
333                            PART III
334                          ENFORCEMENT
335      908.301 Complaints.—The Attorney General shall prescribe
336  and provide through the Department of Legal Affairs' website the
337  format for a person to submit a complaint alleging a violation
338  of this chapter. This section does not prohibit the filing of an
339  anonymous complaint or a complaint not submitted in the
340  prescribed format. Any person has standing to submit a complaint
341  under this chapter.
342      908.302 Enforcement; penalties.—
343      (1) The state attorney for the county in which a state
344  entity is headquartered or in which a local governmental entity
345  or law enforcement agency is located has primary responsibility
346  and authority for investigating credible complaints of a
347  violation of this chapter. The results of an investigation by a
348  state attorney shall be provided to the Attorney General in a

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

**Defendants' Exhibit A-012**

23-00406A-19                                                          2019168__

349  timely manner.

350      (2)(a) A state entity, local governmental entity, or law

351  enforcement agency about which the state attorney has received a

352  complaint shall comply with a document request from the state

353  attorney related to the complaint.

354      (b) If the state attorney determines that a complaint filed

355  against a state entity, local governmental entity, or law

356  enforcement agency is valid, the state attorney shall, not later

357  than the 10th day after the date of the determination, provide

358  written notification to the entity or agency that:

359      1. The complaint has been filed.

360      2. The state attorney has determined that the complaint is

361  valid.

362      3. The state attorney is authorized to file an action to

363  enjoin the violation if the entity or agency does not come into

364  compliance with the requirements of this chapter on or before

365  the 60th day after the notification is provided.

366      (c) No later than the 30th day after the day a state

367  entity, local governmental entity, or law enforcement agency

368  receives written notification under paragraph (b), the entity or

369  agency shall provide the state attorney with a copy of:

370      1. The entity's or agency's written policies and procedures

371  with respect to federal immigration agency enforcement actions,

372  including the entity's or agency's policies and procedures with

373  respect to immigration detainers.

374      2. Each immigration detainer received by the entity or

375  agency from a federal immigration agency in the current calendar

376  year-to-date and the 2 prior calendar years.

377      3. Each response sent by the entity or agency for an

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

**Defendants' Exhibit A-013**

23-00406A-19                                                               2019168__

378  immigration detainer described by subparagraph 2.

379      (3) The Attorney General, the state attorney who conducted

380  the investigation, or a state attorney so ordered by the

381  Governor pursuant to s. 27.14 may institute proceedings in

382  circuit court to enjoin a state entity, local governmental

383  entity, or law enforcement agency found to be in violation of

384  this chapter. Venue of an action brought by the Attorney General

385  may be in Leon County. The court shall expedite an action under

386  this section, including setting a hearing at the earliest

387  practicable date.

388      (4) Upon adjudication by the court or as provided in a

389  consent decree declaring that a state entity, local governmental

390  entity, or law enforcement agency has violated this chapter, the

391  court shall enjoin the unlawful sanctuary policy and order that

392  such entity or agency pay a civil penalty to the state of at

393  least $1,000 but not more than $5,000 for each day that the

394  sanctuary policy was in effect commencing on October 1, 2019, or

395  the date the sanctuary policy was first enacted, whichever is

396  later, until the date the injunction was granted. The court has

397  continuing jurisdiction over the parties and subject matter and

398  may enforce its orders with the imposition of additional civil

399  penalties as provided for in this section and the initiation of

400  contempt proceedings as provided by law.

401      (5) An order approving a consent decree or granting an

402  injunction or imposing civil penalties pursuant to subsection

403  (4) must include written findings of fact that describe with

404  specificity the existence and nature of the sanctuary policy

405  that is in violation of s. 908.201 and identify each sanctuary

406  policymaker who voted for, allowed to be implemented, or voted

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

**Defendants' Exhibit A-014**

23-00406A-19                                                2019168__

407  against repeal or prohibition of the sanctuary policy. The court
408  shall provide to the Governor a copy of the consent decree or
409  order granting an injunction or imposing civil penalties which
410  contains the written findings required by this subsection within
411  30 days after the date of rendition. A sanctuary policymaker
412  identified in an order approving a consent decree or granting an
413  injunction or imposing civil penalties may be suspended or
414  removed from office pursuant to general law and s. 7, Art. IV of
415  the State Constitution.
416      (6) A state entity, local governmental entity, or law
417  enforcement agency ordered to pay a civil penalty pursuant to
418  subsection (4) shall remit such payment to the Chief Financial
419  Officer, who shall deposit it into the General Revenue Fund.
420      (7) Except as required by law, public funds may not be used
421  to defend or reimburse a sanctuary policymaker or an official,
422  representative, agent, or employee of a state entity, local
423  governmental entity, or law enforcement agency who knowingly and
424  willfully violates this chapter.
425      908.303 Civil cause of action for personal injury or
426  wrongful death attributed to a sanctuary policy; trial by jury;
427  required written findings.—
428      (1) A person injured in this state by the tortious acts or
429  omissions of an alien unlawfully present in the United States,
430  or the personal representative of a person killed in this state
431  by the tortious acts or omissions of an alien unlawfully present
432  in the United States, has a cause of action for damages against
433  a state entity, local governmental entity, or law enforcement
434  agency in violation of ss. 908.201 and 908.202 upon proof by the
435  greater weight of the evidence of:

CODING: Words stricken are deletions; words underlined are additions.

**Defendants' Exhibit A-015**

23-00406A-19                                                      2019168__

436      (a) The existence of a sanctuary policy in violation of s.
437 908.201; and
438      (b)1. A failure to comply with s. 908.202 which results in
439 such alien's having access to the person injured or killed when
440 the tortious acts or omissions occurred; or
441      2. A failure to comply with s. 908.204(1)(c) which results
442 in such alien's having access to the person injured or killed
443 when the tortious acts or omissions occurred.
444      (2) A cause of action brought pursuant to subsection (1)
445 may not be brought against a person who holds public office or
446 who has official duties as a representative, agent, or employee
447 of a state entity, local governmental entity, or law enforcement
448 agency, including a sanctuary policymaker.
449      (3) Trial by jury is a matter of right in an action brought
450 under this section.
451      (4) A final judgment entered in favor of a plaintiff in a
452 cause of action brought pursuant to this section must include
453 written findings of fact that describe with specificity the
454 existence and nature of the sanctuary policy that is in
455 violation of s. 908.201 and that identify each sanctuary
456 policymaker who voted for, allowed to be implemented, or voted
457 against repeal or prohibition of the sanctuary policy. The court
458 shall provide a copy of the final judgment containing the
459 written findings required by this subsection to the Governor
460 within 30 days after the date of rendition. A sanctuary
461 policymaker identified in a final judgment may be suspended or
462 removed from office pursuant to general law and s. 7, Art. IV of
463 the State Constitution.
464      (5) Except as provided in this section, this chapter does

CODING: Words stricken are deletions; words underlined are additions.

**Defendants' Exhibit A-016**

23-00406A-19                                              2019168__

465  not create a private cause of action against a state entity,

466  local governmental entity, or law enforcement agency that

467  complies with this chapter.

468      908.304 Ineligibility for state grant funding.—

469      (1) Notwithstanding any other provision of law, a state

470  entity, local governmental entity, or law enforcement agency is

471  ineligible to receive funding from nonfederal grant programs

472  administered by state agencies that receive funding from the

473  General Appropriations Act for a period of 5 years after the

474  date of adjudication that such state entity, local governmental

475  entity, or law enforcement agency had in effect a sanctuary

476  policy in violation of this chapter.

477      (2) The applicable state attorney shall notify the Chief

478  Financial Officer of an adjudicated violation of this chapter by

479  a state entity, local governmental entity, or law enforcement

480  agency and shall provide him or her a copy of the final court

481  injunction, order, or judgment. Upon receiving such notice, the

482  Chief Financial Officer shall timely inform all state agencies

483  that administer nonfederal grant funding of the adjudicated

484  violation by the state entity, local governmental entity, or law

485  enforcement agency and direct such agencies to cancel all

486  pending grant applications and enforce the ineligibility of such

487  entity for the prescribed period.

488      (3) This subsection does not apply to:

489      (a) Funding that is received as a result of an

490  appropriation to a specifically named state entity, local

491  governmental entity, or law enforcement agency in the General

492  Appropriations Act or other law.

493      (b) Grants awarded prior to the date of adjudication that

CODING: Words stricken are deletions; words underlined are additions.

**Defendants' Exhibit A-017**

23-00406A-19                                                          2019168__

494  such state entity, local governmental entity, or law enforcement

495  agency had in effect a sanctuary policy in violation of this

496  chapter.

497                              PART IV

498                           MISCELLANEOUS

499      908.401 Education records.—This chapter does not apply to

500  the release of information contained in education records of an

501  educational agency or institution, except in conformity with the

502  Family Educational Rights and Privacy Act of 1974, 20 U.S.C. s.

503  1232g.

504      908.402 Discrimination prohibited.—A state entity, a local

505  governmental entity, or a law enforcement agency, or a person

506  employed by or otherwise under the direction or control of such

507  an entity or agency, may not base its actions under this chapter

508  on the gender, race, religion, national origin, or physical

509  disability of a person except to the extent authorized by the

510  United States Constitution or the State Constitution.

511      Section 3. A sanctuary policy, as defined in s. 908.102,

512  Florida Statutes, as created by this act, that is in effect on

513  the effective date of this act must be repealed within 90 days

514  after that date.

515      Section 4. Sections 908.302 and 908.303, Florida Statutes,

516  as created by this act, shall take effect October 1, 2019, and,

517  except as otherwise expressly provided in this act, this act

518  shall take effect July 1, 2019.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

**Defendants' Exhibit A-018**